## STATE TREASURER v WILSON

Docket No. 68790. Submitted November 7, 1983, at Detroit.—Decided March 6, 1984. Leave to appeal applied for.

Plaintiff, the Michigan State Treasurer, brought an action in Wayne Circuit Court on behalf of the Department of Corrections against defendants, Hardy Wilson, an inmate of a state penal institution, and the National Union Fire Insurance Company of Pittsburgh, Pennsylvania, to obtain reimbursement from Wilson's estate for the cost of maintaining him while housed in the state prison under the Prison Reimbursement Act. Plaintiff sought a temporary restraining order to prevent defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania, and Pepsi Cola Bottling Company from disbursing monies to defendant Hardy Wilson pursuant to a redemption agreement under the Worker's Disability Compensation Act and other relief. The court, Sharon Tevis Finch, J., dismissed the action, holding that the Prison Reimbursement Act violated due process standards because it applied to only three state penal institutions. Plaintiff appealed. *Held:*

The Prison Reimbursement Act, in limiting its effect to only three of Michigan's state penal institutions, violates the Equal Protection Clause of the United States Constitution by creating an unreasonable and arbitrary classification which in no way serves the purpose of the statute.

Affirmed.

1. CONSTITUTIONAL LAW — EQUAL PROTECTION.

The test to be applied to equal protection challenges depends upon the nature of the individual's interest affected by the legislation; if the legislation affects a fundamental right or involves a suspect class, the court applies the strict scrutiny test which places the burden on the governmental authority to show that its regulation was justified by a compelling state interest; if the legislation affects substantial rights or makes

REFERENCES FOR POINTS IN HEADNOTES

[1] 16A Am Jur 2d, Constitutional Law § 735 *et seq.*
[2] 16A Am Jur 2d, Constitutional Law §§ 752, 753.
　60 Am Jur 2d, Penal and Correctional Institutions § 11.

certain classifications, such as based on gender, the court employs a heightened scrutiny test under which the burden is on those defending the discrimination to show that it serves important governmental objectives and that the discriminatory means employed are substantially related to the achievements of those objectives; if no special right or classification is involved, the rational basis test is employed under which the party attacking the statutory classification has the burden of showing that a reasonable relationship between the statutory classification and a legitimate state interest exists.

2. Prisons and Prisoners — Prison Reimbursement Act — Equal Protection.

The Prison Reimbursement Act, in limiting its effect to only three of Michigan's state penal institutions, violates the Equal Protection Clause of the United States Constitution creating an unreasonable and arbitrary classification which in no way serves the purpose of the statute (MCL 800.401 *et seq.;* MSA 28.1701 *et seq.*).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *E. David Brockman* and *Gary Kress,* Assistants Attorney General, for plaintiff.

*William G. Sinn & Associates, P.C.* (by *T. F. Felker, Jr.),* for National Union Fire Insurance Company of Pittsburgh, Pennsylvania.

*Goodman, Eden, Millender & Bedrosian* (by *William H. Goodman),* for Hardy Wilson.

Before: T. M. Burns, P.J., and Gribbs and C. J. Hoehn,* JJ.

Per Curiam. This case involves an action by the Michigan Department of Corrections to obtain reimbursement from an inmate's estate for the cost of maintaining the inmate while housed in a state prison. Relying on the Prison Reimburse-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ment Act, MCL 800.401 *et seq.;* MSA 28.1701 *et seq.,* plaintiff filed a complaint on July 20, 1982, seeking a temporary restraining order to prevent defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania, and Pepsi Cola Bottling Company from disbursing monies to defendant Hardy Wilson pursuant to a redemption agreement under the Worker's Disability Compensation Act. Plaintiff's complaint requested that an order to show cause be issued directing defendant Hardy Wilson to appear before the court and show cause why a guardian should not be appointed for his estate and the temporary restraining order prayed for be made a preliminary injunction or, in the alternative, that defendant Wilson's assets be placed under a guardian's control. The complaint requested that a guardian be appointed and that the guardian appear before the court for the purpose of determining whether or not the ward had assets which should be applied toward reimbursing the state for expenses incurred by detaining defendant in prison.

On July 21, 1982, the circuit court issued an order to show cause and an *ex parte* temporary restraining order. On October 29, 1982, a hearing on the temporary restraining order, the show cause order, and various discovery motions was held in circuit court. The circuit court refused to appoint a guardian for defendant Wilson's estate. In an order dated December 21, 1982, the circuit court concluded:

"That the Prison Reimbursement Act is violative of equal protection standards in that the act is applicable to only three state penal institutions."

Plaintiff Loren Monroe, the State Treasurer, on

behalf of the Michigan Department of Corrections, appeals as of right from the circuit court order.

On appeal, plaintiff argues that the inclusion of only three penal institutions in the act does not violate the equal protection standards since there were only three penal institutions in the State of Michigan at the time of the statute's enactment. Plaintiff further argues that this statute should not be literally construed and in fact it is currently applied to all penal institutions.

We find plaintiff's arguments unpersuasive. The test to be applied to equal protection challenges depends upon the nature of the individual's interest affected by the legislation. *Grano v Ortisi,* 86 Mich App 482, 490; 272 NW2d 693 (1978). If the legislation affects a fundamental right or involves a suspect class, the court applies the strict scrutiny test which places the burden on the governmental authority to show that its regulation was justified by a compelling state interest. *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 668; 232 NW2d 636 (1975). If the legislation affects substantial rights or makes certain classifications, such as based on gender, the court employs a heightened scrutiny test. Under this test, the burden is on those defending the discrimination to show that it serves important governmental objectives and that the discriminatory means employed are substantially related to the achievements of those objectives. *Wengler v Druggist Mutual Ins Co,* 446 US 142, 150; 100 S Ct 1540; 64 L Ed 2d 107 (1980). If no special right or classification is involved, the rational basis test is employed. Under this test, the party attacking the statutory classification has the burden of showing that the classification lacks a reasonable basis. If there is a reasonable relationship between the statutory classifi-

cation and a legitimate state interest, the statute does not violate the Equal Protection Clause. *Forest v Parmalee,* 402 Mich 348, 356; 262 NW2d 653 (1978).

While the heightened scrutiny test may be applicable to this case, the Prison Reimbursement Act fails to even pass the rational basis test.[1] The Michigan Supreme Court in *Gauthier v Campbell, Wyant & Cannon Foundry Co,* 360 Mich 510, 514; 104 NW2d 182 (1960), quoting *Naudzius v Lahr,* 253 Mich 216, 222-223; 234 NW 581 (1931), set forth the standards for analyzing a statute under the rational basis test:

" '1. The equal protection clause of the Fourteenth Amendment does not take from the state the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because of practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.' *Lindsley v Natural Carbonic Gas Co,* 220 US 61, 78; 31 S Ct 337; 55 L Ed 369 (1911)." 360 Mich 514.[2]

The Prison Reimbursement Act clearly limits

---

[1] This case might be considered to involve sex discrimination since none of the prisons listed in the act house females.

[2] The Equal Protection Clause of the Michigan Constitution applies under the same standard as corresponding provisions of the United States Constitution. *Fox v Michigan Employment Security Comm,* 379 Mich 579; 153 NW2d 644 (1967).

itself to three state penal institutions. Section 2 of the act, MCL 800.402; MSA 28.1702, specifically refers to the state prisons at Jackson and Marquette, and the house of correction and reformatory at Ionia. Section 4 of the act, MCL 800.404; MSA 28.1704, states that it only applies to the "aforesaid state penal institutions". Section 4a, MCL 800.404a; MSA 28.1705, however, refers to "any state penal institution". Upon reading the act as a whole, we find that it clearly limits its effects to the three penal institutions it mentions, which were the only state penal institutions in operation at the time of the statute's enactment. If the Legislature intended for the Prison Reimbursement Act to cover new penal institutions, it could have used a general definition of "state penal institution" as found in the reimbursement to counties for certain expenses act, which was later enacted. MCL 800.451; MSA 28.1714(1).[3]

Upon accepting the conclusion that the statute limits its application to three penal institutions, we are unable to find any rational basis to support the statute. The purpose of the statute, as stated by the Legislature, was "to provide for reimbursement to the state in such cases where the prisoners were possessed of estates which warranted such reimbursement". MCL 800.407; MSA 28.1709. Limiting the application of the statute to three penal institutions creates an unreasonable and arbitrary classification which in no way serves the purpose of the statute. This case is distinguished from *Auditor General v Hall,* 300 Mich 215; 1 NW2d 516 (1942), which involved questions concerning the constitutionality of the Prison Reimbursment Act. In that case, the Attorney General

---

[3] The reimbursement to counties for certain expenses act became effective on February 12, 1978, approximately 43 years after the enactment of the Prison Reimbursement Act.

argued that the Legislature was largely motivated by the fact that there was no legal or moral or economic reason why prisoners who are owners of a substantial estate or who become such while in prison should not be obligated to pay for their keep. The Court stated that it was not within its province to discuss the wisdom of the act or its effect on the morale of the prisoners and the rehabilitation or other questions that might be raised.

The Court in *Hall* upheld the constitutionality of the Prison Reimbursement Act. It found that the law applies to all prisoners equally in a certain class. The equal protection question raised in *Hall* was not the same as the one in the instant case. The question in *Hall* was whether the act contravened the equal protection quarantee by creating an unreasonable classification in imposing liability upon a prisoner who has an estate which is not imposed upon one who has no estate even though the criminal classification of the two is exactly the same.

At the time *Auditor General v Hall* was decided, only the three facilities named in the act were in existence. Today there are numerous other penal institutions including a women's facility. The Prison Reimbursement Act, however, specifically limits itself to the three original institutions. The fact that certain state officials are currently acting outside the scope of the act in applying it to all state penal institutions does not mean that the scope of the act has expanded. Amending the statute to include all current and future state penal institutions is obviously a task for the Legislature. The executive branch of government cannot exercise this legislative power. *Wagner v LaSalle Foundry Co,* 345 Mich 185; 75 NW2d 866

(1956). Likewise, this Court cannot make this amendment to the Prison Reimbursement Act. *Attorney General ex rel Connolly v Reading,* 268 Mich 224; 256 NW 432 (1934).

Old age and lack of capacity to grow have rendered the Prison Reimbursement Act constitutionally infirm. The act currently creates unreasonable and arbitrary classifications between prisoners who may be liable to the state for their keep. Only the Legislature has the power to remedy this defect. We, therefore, affirm the trial court.

Affirmed.