## STATE TREASURER v WILSON (ON REMAND)

Docket No. 89306. Submitted December 11, 1985, at Lansing.—Decided March 18, 1986.

The State Treasurer, on behalf of the Department of Corrections, brought an action in Wayne Circuit Court against Hardy Wilson and the National Union Fire Insurance Company of Pittsburgh, Pennsylvania, seeking reimbursement under the Prison Reimbursement Act of workers' compensation benefits awarded to Mr. Wilson pursuant to an order of redemption. At the time of the redemption order, Wilson was an inmate of a state prison. The circuit court, Sharon Tevis Finch, J., held the Prison Reimbursement Act to be unconstitutional for vagueness and violative of equal protection. The plaintiff appealed and the Court of Appeals affirmed, reaching only the issue of equal protection. 132 Mich App 648 (1984). Plaintiff appealed to the Supreme Court, which reversed and remanded the matter to the Court of Appeals for consideration of the claim of vagueness. 423 Mich 138 (1985). On remand, *held:*

1. The traditional vagueness analysis is inappropriate in this case because the statute in question impinges on no First Amendment freedoms, does not proscirbe or require the doing of any acts, and sets forth no offense of which Wilson is accused.

2. A statute may be declared void where there is absolutely no reasonable and practical construction which can be given to its language. This statute, when read as a whole, is clear. It is not vague, but is as reasonably precise as the subject matter permits.

3. Defendant Wilson's contention that the statute does not provide sufficient standards to the trial court is without merit.

Reversed.

REFERENCES

Am Jur 2d, Constitutional Law §§ 85, 143, 818.

Am Jur 2d, Criminal Law §§ 17 *et seq.*

Am Jur 2d, Statutes § 346.

See the annotations in the ALR3d/4th Quick Index under Prisons and Convicts.

1. STATUTES — CONSTITUTIONAL LAW — VAGUENESS.

   A statute may be challenged for vagueness on the ground that it (1) is overbroad, impinging on First Amendment freedoms, (2) does not provide fair notice of conduct which is proscribed, or (3) is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether the statute has been violated.

2. STATUTES — CONSTITUTIONAL LAW — VAGUENESS.

   A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process of law.

3. STATUTES — JUDICIAL CONSTRUCTION.

   Whenever possible, courts should construe statutes in such a manner as to render them constitutional and must look to the entire text of a statute to determine whether it is sufficiently certain in its terms.

4. STATUTES — JUDICIAL CONSTRUCTION — CONSTITUTIONAL LAW — VAGUENESS.

   Challenges on the basis of vagueness to statutes which do not involve First Amendment freedoms are to be examined in light of the facts of the case at hand.

5. PRISONS AND PRISONERS — PRISON REIMBURSEMENT ACT — CONSTITUTIONAL LAW.

   The statute which provides that prisoners may be required to reimburse the state for the cost of their imprisonment is not unconstitutionally vague (MCL 800.404, subds [3], [4] and [5]; MSA 28.1704, subds [3], [4] and [5]).

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *E. David Brockman* and *Gary Kress*, Assistant Attorneys General, for plaintiff.

*William G. Sinn & Associates, P.C.* (by *T. F. Felker, Jr.*), for National Union Insurance Company of Pittsburgh.

*Goodman, Eden, Millender & Bedrosian* (by *William H. Goodman*), for Hardy Wilson.

On Remand

Before: T. M. Burns, P.J., and Gribbs and Cynar, JJ.

Per Curiam. This case involves an action by the Michigan Department of Corrections to obtain reimbursement from an inmate for the cost of maintaining the inmate while housed in a state prison. The statute involved is the Prison Reimbursement Act (now the State Correctional Facility Reimbursement Act), MCL 800.401 *et seq.;* MSA 28.1701 *et seq.* Our previous opinion is reported at 132 Mich App 648; 347 NW2d 770 (1984). In that opinion we affirmed an order of the circuit court which dismissed the case on the ground that the Prison Reimbursement Act was violative of equal protection standards. However, the Supreme Court, in *State Treasurer v Wilson,* 423 Mich 138; 377 NW2d 703 (1985), reversed our decision upholding the trial court's finding that the act violated the constitutional guarantee of equal protection of the laws. Because we did not reach a second issue of vagueness, the Supreme Court remanded the case to use for consideration of that issue. The circuit court had held that the Prison Reimbursement Act was unconstitutionally vague in that it lacked sufficient standards for enforcement. We disagree.

The "void for vagueness" doctrine is derived from the constitutional guarantee that the state may not deprive a person of life, liberty, or property, without due process of law. US Const, Am XIV; Const 1963, art 1, § 17. Normally, a statute may be challenged for vagueness on the ground that it (1) is overbroad, impinging on First Amendment freedoms, (2) does not provide fair notice of the conduct proscribed, or (3) is so indefinite that

it confers unstructured and unlimited discretion on the trier of fact to determine whether an offense has been committed. *Woll v Attorney General,* 409 Mich 500, 533; 297 NW2d 578 (1980), *People v Hayes,* 421 Mich 271, 283; 364 NW2d 635 (1984). The United States Supreme Court has stated that a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. *Lanzetta v New Jersey,* 306 US 451, 453; 59 S Ct 618; 83 L Ed 888 (1939). However, we have some doubt as to whether traditional vagueness analysis is appropriate in this case. The statute at hand impinges on no First Amendment freedoms, proscribes no conduct, and sets forth no offense which defendant Wilson is accused of having committed. Any alleged "vagueness" in this statute did not cause defendant Wilson to alter his conduct in the slightest. The statute does not require or proscribe the doing of any acts. It merely provides for reimbursement to the state by a prisoner for expenses incurred on behalf of the prisoner.

While traditional analysis may not apply, we will endeavor to address defendant Wilson's vagueness challenge. In addition to notions of due process, principles relating to statutory construction require some degree of definiteness or certainty in the wording of any statute. While this Court will not hesitate to interpret or construe an ambiguous statute in order to effect the intent of the Legislature, when there is absolutely no reasonable and practical construction which can be given to its langauge, such a statute will be declared void. This is true because the statute simply has no substantive content. However, we must be careful not to unduly restrict the ability of the Legislature to

function by declaring a statute void where the legislative intent can be discerned through application of judicial rules of construction.

We do not read MCL 800.404; MSA 28.1704, the challenged provision, in a vacuum, but look to the entire text of the statute to determine whether the requisite certainty exists. *Hayes, supra,* p 284. Whenever possible, courts should construe statutes in a manner as to render them constitutional. *Id.* Vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand. *People v Lynch,* 410 Mich 343, 352; 301 NW2d 796 (1981).

We hold that MCL 800.404; MSA 28.1704 is not unconstitutionally vague or otherwise void. Because this section of the statute was amended by 1984 PA 282, we treat defendant's arguments as if they were addressed to the amended statute which will be applicable on remand. The first portion of § 4 of both the old and new statute allows the proper authorities to file a complaint (petition) in circuit court alleging that a prisoner has assets (an estate) and praying that such assets be subjected to the payment of state expenses. The prisoner is then to be issued an order to show cause why the prayer of the complaint should not be granted.

The statute, before amendment, stated:

"At the time of the hearing, *if it appear that such person or prisoner has an estate which ought to be subjected to the claim of the state,* the court shall without further notice appoint a guardian of the person and estate of such prisoner if the court deems one necessary for the protection of the rights of all parties so concerned, and the court shall make an order requiring the guardian or any person or corporation so possessed of the estate belonging to said prisoner to appropriate and apply such estate to the payment of *so much*

*or such part thereof as may appear to be proper toward reimbursing the state* for the expenses theretofore incurred by it on behalf of such prisoner, and such part thereof towards reimbursing the state for the future expenses which it must pay on his behalf, which reimbursement shall not be in excess of the per capita cost of maintaining prisoners in the institution in which said prisoner is an inmate, *regard being had to claims of persons having a moral or legal right to maintenance out of the estate of such prisoner."* (Emphasis added.)

Defendant Wilson claims that the emphasized portions of this sentence are vague. The corresponding provisions of the amended statute provide:

"(3) At the time of the hearing on the complaint and order, if it appears that the prisoner has any assets which ought to be subjected to the claim of the state under this act, the court shall issue an order requiring any person, corporation, or other legal entity possessed or having custody of those assets to appropriate and apply the assets or a portion thereof toward reimbursing the state as provided for under this act.

"(4) The amount of reimbursement under this act shall not be in excess of the per capita cost of care for maintaining prisoners in the state correctional facility in which the prisoner is housed.

"(5) At the hearing on the complaint and order and before entering any order on behalf of the state against the defendant, the court shall take into consideration any legal obligation of the defendant to support a spouse, minor children, or other dependents and any moral obligation to support dependents to whom the defendant is providing or has in fact provided support." MCL 800.404, subds (3), (4) and (5); MSA 28.1704, subds (3), (4) and (5).

When read as a whole the statutory provisions are extremely clear, contrary to defendant's assertions. The trial court must initially determine under subsection (3) whether the prisoner has any assets. The court may not automatically order that

any such assets be paid over to the state for the entire amount of the claim. The amount of reimbursement is limited to expenses incurred or to be incurred by the state for the cost of care of the person as a prisoner. It is also limited by subsection (4) to an amount which is not in excess of the per capita cost of care for maintaining prisoners in the facility. Pursuant to subsection (5), the court must also consider legal and moral support obligations and exercise its discretion in that regard. This statute is not vague, but is as reasonably precise as the subject matter permits.

To the extent that defendant Wilson claims that the statute does not provide sufficient standards under which the trial court is to determine the amount of reimbursement, his claim is not merely one of vagueness, but is one of unconstitutional delegation of legislative authority to the courts. We reject defendant's contentions. The Legislature has not, by this statute, delegated the power to make law to the courts. See *Auditor General v Hall,* 300 Mich 215, 221-225; 1 NW2d 516 (1942).

The decision of the trial court is reversed and the case is remanded for further proceedings.