# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA FIELDS,

       Plaintiff-Appellant,

v

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORT, d/b/a SMART and
DAVID EARL GIBSON,

       Defendants-Appellees.

FOR PUBLICATION
June 25, 2015

No. 318235
Wayne Circuit Court
LC No. 12-014330-NI

Before: DONOFRIO, P.J., and FORT HOOD and SHAPIRO, JJ.

SHAPIRO, J. (*concurring*).

I concur in affirming the trial court's ruling.

There are two questions at issue in this case. First, whether plaintiff complied with the presuit notice requirements set forth in MCL 124.419. Second, if plaintiff did not comply, whether the sanction of dismissal is mandated by the text of the statute.

## I. WHAT CONSTITUTES "WRITTEN NOTICE OF ANY CLAIM BASED UPON INJURY TO PERSONS" UNDER MCL 124.419?

I agree with the majority that plaintiff has not complied with MCL 124.419 as interpreted by the Supreme Court in *Atkins v Suburban Mobility Auth for Regional Transp*, 492 Mich 707; 822 NW2d 522 (2012). In that case, the Supreme Court held that a regional transportation authority such as SMART cannot deliver or serve documents to itself. *Id*. at 721. Thus, a document prepared by SMART itself cannot satisfy the statute's requirement that it be served, i.e., formally delivered, to SMART. *Id*.[1] Given that plaintiff concedes that the relevant document was prepared by SMART, she cannot satisfy *Atkins*.

---

[1] As noted below, *Atkins* also held that a claim for no-fault benefits does not provide notice of a claim for liability or tort-based damages. *Atkins*, 492 Mich at 716. The Court noted that a claimant seeking no-fault benefits was not required to meet the 60-day notice requirement of MCL 124.419 because that statute did not apply to no-fault benefits. *Id*. at 718-720.

While I join with the majority in this conclusion, I believe that it is incumbent upon us to more clearly delineate the precise demands of MCL 124.419. Though the statute has been the subject of several cases over recent years in which writings were held insufficient, the judiciary has failed to provide the bench and bar with sufficient guidance as to how to preserve and litigate these cases in the future.

The statute provides in pertinent part:

> All claims that may arise in connection with the transportation authority shall be presented as ordinary claims against a common carrier of passengers for hire: Provided, That written notice of any claim based upon injury to persons or property shall be served upon the authority no later than 60 days from the occurrence through which such injury is sustained . . . . [MCL 124.419.]

First, as the majority notes, in light of plaintiff's concession, we do not reach the question whether, for purposes of MCL 124.419, SMART's insurer is deemed to be SMART itself. No published cases have yet addressed that question and it is a significant one. If SMART's insurer is deemed to be SMART for purposes of the statute, then delivery of written notice to SMART's insurer would satisfy the statute as it would constitute delivery to SMART. If SMART's insurer is deemed to be separate from SMART for purposes of the statute, then sending written notice to the insurer would not satisfy the statute, but delivery of a written notice from the insurer to SMART advising it of a claim by a plaintiff would satisfy the statute as SMART would not be delivering the document to itself. In such circumstances, SMART would be receiving notice from the insurer, who, if not legally SMART itself, can deliver a document to SMART. The legal status of SMART's insurer for purposes of this single statute cannot vary from case to case. Either delivery of the notice to SMART's insurer satisfies the statute or delivery by SMART's insurer to SMART satisfies the statute.

Second, the plain text of the statute does not require that the party responsible for the written notice be the plaintiff. The operative phrase requiring provision of the notice is written in the passive voice, i.e., it does not require that any particular person provide the written notice, only that it be provided within 60 days and that the recipient be the defendant-authority.[2] In other contexts, the Legislature has proven itself capable of specifying who must act to provide the notice. MCL 691.1404(1) provides that in cases of defective highways "*the injured person* . . . shall serve a notice on the governmental agency." (Emphasis added). The same language is used in MCL 691.1406 as to claims for injury in a public building. Given its use of the active construction in many other statutes requiring notice, we must conclude that the

---

Accordingly, a claim for no-fault benefits, even if made within 60 days of the incident, could not satisfy MCL 124.419. *Id.*

[2] Indeed, while sentences written in the passive voice can contain a prepositional phrase identifying who will perform the action, the Legislature pointedly did not do so here. For example, the statement "the ball will be caught by the center fielder" is written in the passive voice, but has an explanatory prepositional phrase identifying who will perform the action. The statement "the ball will be caught" does not contain the explanatory prepositional phrase and means only that the ball will be caught by *someone* who is not identified.

Legislature's decision not to do so in MCL 124.419 was intentional. *Houghton Lake Area Tourism & Convention Bureau v Wood*, 255 Mich App 127, 135; 662 NW2d 758 (2003) ("this Court should assume that an omission [by the Legislature] was intentional").

Third, the statute contains no content requirements for the written notice beyond the existence of a claim by a plaintiff. The fact that the words of MCL 124.419 contain no specific requirements as to content must mean that the Legislature intended that none apply beyond communicating that a "claim based on injury to persons or property" exists. "It is well established that statutory notice requirements must be interpreted and enforced as plainly written." *Atkins*, 492 Mich at 714-715. "[T]he common carrier must simply be told of a claim within 60 days and through service of a [written] notice." *Id*. at 721. In this case, but for the failure of delivery (since SMART cannot deliver notice to itself), the document would be sufficient as it identifies plaintiff by name on two occasions as "CLAIMANT."[3] It further lists extensive information regarding, among other things, the nature, timing, and conditions of the crash, the extent of vehicular damages, and the transport of injured persons to the hospital. A "claim" has been defined by our Supreme Court as "[t]he aggregate of operative facts giving rise to a right enforceable by a court[.]" *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 554; 640 NW2d 256 (2002), quoting *Black's Law Dictionary* (7th ed). Thus, the document at issue identifies a "*claim* based on *injury to persons or property*."

The Legislature has adopted pretrial notice requirements in several settings and has repeatedly demonstrated its ability to impose particularized elements or specify the form that a notice must take. For example, in the medical malpractice setting, MCL 600.2912b(4) contains six sub-parts, each explaining in detail what a notice must contain.[4] Similarly, MCL 691.1406

---

[3] The majority opinion seems to conclude that the written identification of plaintiff as the "claimant" is insufficient. It is difficult to understand why referencing plaintiff as "claimant" would not inform SMART that she is making a claim. What else could it mean? Why would a textualist reading of the word "claimant" define it as disconnected from the concept of a "claim?"

[4] MCL 600.2912b(4) provides:

> The notice given to a health professional or health facility under this section shall contain a statement of at least all of the following:
>
> (a) The factual basis for the claim.
>
> (b) The applicable standard of practice or care alleged by the claimant.
>
> (c) The manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.
>
> (d) The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care.

requires notice of a claim arising out of a defect in a public building and includes the provision that "[t]he notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant."

The statute we consider here, by contrast, requires only that a defendant-authority receive "written notice of [a] claim." Given that the Legislature has demonstrated its ability to place specific requirements on the content of presuit notices, we must conclude that the absence of requirements in MCL 124.419 was intentional. *Houghton Lake*, 255 Mich App at 135. *Atkins* held that a claim specifically designated as one for no-fault PIP benefits did not constitute notice of a claim other than for those statutory benefits.[5] *Atkins*, 492 Mich at 716. It did not require that a notice of claim that is not specified as a no-fault claim must otherwise state that it is for an "ordinary claim" or a "tort claim."

Fourth, I agree with the majority's rejection of defendant's argument that the requirement of formal delivery or service can only be satisfied by undertaking "service" as defined in the court rules, specifically MCR 2.108 *et seq.* As the majority correctly notes, *Nucolovic v Hill*, 287 Mich App 58, 67-68; 783 NW2d 124 (2010), did not require compliance with the court rules pertaining to service, but only noted that such action is one possible means of formal delivery, not that it is required under MCL 124.419.[6]

---

    (e) The manner in which in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.

    (f) The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim.

[5] The *Atkins* Court was careful to state that the question before it was "whether an application for no-fault benefits can suffice as the notice of a separate tort claim that MCL 124.419 requires." *Atkins*, 492 Mich at 716.

[6] By its own terms, MCR 2.105 applies only to "service of process." "Process" is "a summons or writ, esp. to appear or respond in court." *Black's Law Dictionary* (10th ed). *Black's* goes on to offer the following discussion:

    "*Process* is so denominated because it *proceeds* or issues forth in order to bring the defendant into court, to answer the charge preferred against him, and signifies the writs or judicial means by which is brought to answer."

    * * *

    "'Process'" and 'writ' are synonymous, in the sense that every writ is a process, and in a narrow sense of the term 'process' is limited to judicial writs in an action, or at least to writs or writings *issued from or out of a court, under the seal thereof* and returnable thererto . . . ." [*Id.* (emphasis added and citations omitted).]

## II. IS DISMISSAL REQUIRED FOR FAILURE TO COMPLY WITH MCL 124.419?

Having determined that plaintiff failed to comply with the statutory requirement of written notice under MCL 124.419, the remaining question is whether the statute mandates dismissal of the case or whether lesser sanctions may be imposed based upon judicial discretion.

I am constrained by Supreme Court precedent to reject plaintiff's argument that dismissal is not required where the notice was not provided as set forth in the statute. In *Atkins*, the Supreme Court stated, "The Legislature has determined that it will waive governmental immunity in cases of personal injury or property damage that occur in connection with a common carrier of passengers for hire only when written notice of the claim is served on the transportation authority within 60 days." *Atkins*, 492 Mich at 722.[7]

As an intermediate court of appeals, we are required to follow this ruling. See *State Treasurer v Sprague*, 284 Mich App 235, 242; 772 NW2d 452 (2009). However, I respectfully suggest that the Supreme Court revisit this question. First, MCL 124.419 makes no mention of governmental immunity nor its waiver. Second, there are significant differences in the text used in MCL 124.419 and the statutes the Supreme Court found comparable, namely MCL 691.1404 and MCL 600.6431. MCL 600.6431 contains explicit language not present in the statute we now consider; it states: "No claim may be maintained against the state unless the claimant . . . ." Its command is clear; if the notice requirements are not met, the claim "may [not] be maintained[.]" Similarly, MCL 691.1404 states that provision of notice is "a condition to any recovery for injuries[.]" Where the condition is not met, no recovery may lie.

The text of MCL 124.419 does not contain the word "dismissal" or the phrases "no claim shall be maintained" or "as a condition of recovery." Instead, the statute reads:

> All claims that may arise in connection with the transportation authority shall be presented as ordinary claims against a common carrier of passengers for hire: Provided, That written notice of any claim based upon injury to persons or property shall be served upon the authority no later than 60 days from the occurrence through which such injury is sustained . . . .

There is no basis to apply court rules to matters that are not yet in court. Had the Legislature wished to make the requirements of the court rule applicable, it could have readily done so by direct reference. Moreover, MCR 1.103 provides in part that, "The Michigan Court Rules govern practice and procedure in all courts established by the constitution and laws of the State of Michigan." The provision of a notice of claim, such as that required by MCR 124.419, is by definition not a matter of procedure "in court." The notice *may* later be followed by a suit in court, but it does not and cannot initiate a cause of action. It is not a complaint. It does not require an answer. It does not entitle the claimant to any discovery, to trial, or to any sort of adjudication. The legal service requirements of the court rules are inapplicable to the instant question.

[7] *Atkins* did not address whether these requirements comport with due process either facially or as applied under particular circumstances, e.g., where a claimant is incompetent.

The statute's words are what they are. Claims arising in connection with a regional transportation authority are to be addressed in the same manner as such a suit against any other common carrier, "Provided, That written notice" is given. Relying on only the text, the mandate of the statute is that if written notice is not provided, the claim shall not be litigated "as ordinary claims against a common carrier[.]" However, there are many ways other than dismissal that a case can be treated differently than that of an ordinary claim against a common carrier. Limitations on recovery, greater proof requirements, and qualified discovery are only three ways in which failure to comply with this provision may be sanctioned in a manner fully in accordance with the plain language of the statute.

One may fairly argue that dismissal must be the remedy the Legislature intended as the sanction for a failure of notice. Such a reading is certainly not *inconsistent* with the text of the statute. However, textualism is a demanding and restricting approach to judging. It is always tempting for a court to conclude that, even though the Legislature did not explicitly say something, "it must be what they meant." However, textualism does not allow that conclusion to be drawn. The only meaning of the statute is that clearly and literally imposed by the words it employs. Once the door is opened to going beyond the very words of the text, there is no end to it. One judge's reasonable determination of the meaning of statutory language is another judge's impermissible application of policy preferences beyond the text itself.[8] While the Supreme Court's *interpretation* of MCL 124.419 requires dismissal (and is a reasonable one), it is not based in what the words actually say and is not the only reasonable interpretation. Indeed, the words "reasonable interpretation" seem so subjective as to have little, if any, place in textualist analysis.[9]

---

[8] In contrast to our Supreme Court, many scholars and judges reject strict textualism as inconsistent with the very function of the judiciary. Judge Richard Posner of the Seventh Circuit Court of Appeals has written: "A legislature is thwarted when a judge refuses to apply its handiwork to an unforeseen situation that is encompassed by the statute's aim but is not a good fit with its text. Ignoring the limitations of foresight, and also the fact that a statute is a collective product that often leaves many questions of interpretation to be answered by the courts because the legislators cannot agree on the answers, the textual originalist demands that the legislature think through myriad hypothetical scenarios and provide for all of them explicitly rather than rely on courts to be sensible." Posner, *The Incoherence of Antonin Scalia*, The New Republic (September 13, 2012).

[9] Imposing "reasonable interpretations" on statutory language can lead even the most dedicated textualists astray. See, e.g., *Scarsella v Pollak*, 461 Mich 547; 607 NW2d 711 (2000) (concluding that medical malpractice complaint filed without an affidavit of merit does not toll the statute of limitations, contrary to MCL 600.5856, which states that "[t]he statutes of limitations and repose are tolled . . . [a]t the time the complaint is filed"); *Mich Citizens for Water Conservation v Nestle Waters North America Inc*, 479 Mich 280; 737 NW2d 447 (2007) (holding that the provision in MCL 324.1701 establishing the right of "any person [to bring suit] for the protection of the air, water, and other natural resources and the public trust in these resources" does not give standing to "any person"); *Smith v Globe Life Ins Co*, 460 Mich 446;

/s/ Douglas B. Shapiro

597 NW2d 28 (1999) (concluding that the Michigan Consumer Protection Act does not apply to fraudulent transactions so long as a non-fraudulent version of that transaction is permitted by law); *Kreiner v Fischer*, 471 Mich 109, 131; 683 NW2d 611 (2004) (the Court "deduce[d]" several requirements to meet the threshold for third-party automobile claim not present in the statutory text), overruled by *McCormick v Carrier*, 487 Mich 180; 795 NW2d 517 (2010); *Fairley v Dep't of Corrections*, ___ Mich ___; ___ NW2d ___ (Docket Nos. 149722 & 149940; June 5, 2015) (requiring that a complaint shown to have been "signed and verified before an officer authorized to administer oaths" per MCL 600.6431 must be dismissed unless the signed verification statement contains proof on its face of the name and credentials of said officer because "common sense counsels in favor of this outcome" despite the fact that the text of the statute provides no such requirement); *Robinson v Detroit*, 462 Mich 438, 445-446; 613 NW2d 307 (2000) (limiting suits against governmental agents because "the proximate cause" as used in the employee provision of the governmental immunity act, MCL 691.1407(2), "means the one most immediate, efficient, and direct cause of the [] injuries."), *contra Shinholster v Annapolis Hosp*, 471 Mich 540; 685 NW2d 275 (2004) (citations omitted) (plaintiff's damages may be reduced by comparative negligence long preceding the subject claims of malpractice because "[t]he proximate cause of an injury is not necessarily the immediate cause; not necessarily the cause nearest in time and space.").