*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

WILLIE SCOTT, JR.,

      Defendant-Appellant.

UNPUBLISHED
April 9, 2019

No. 343230
Wayne Circuit Court
LC No. 10-009332-01-FC

Before: LETICA, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right the trial court's amended judgment of sentence that added a requirement of mandatory lifetime electronic monitoring. We vacate the amended judgment of sentence and remand to the trial court for reinstatement of defendant's original judgment of sentence.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 2011, defendant was convicted, following a bench trial, of kidnapping, MCL 750.349, three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b, and assault with intent to do great bodily harm less than murder, MCL 750.84. The trial court sentenced him, as a fourth-offense habitual offender, MCL 769.12, to 270 to 420 months' imprisonment for each offense. This Court affirmed defendant's convictions and sentences, and the Michigan Supreme Court denied leave to appeal.[1] Defendant filed a post-appeal motion for relief from judgment on

---

[1] *People v Scott*, unpublished per curiam opinion of the Court of Appeals, issued October 9, 2012 (Docket No. 303671); *People v Scott*, 493 Mich 953 (2013) (denying leave to appeal).

April 1, 2014, which the trial court denied on June 10, 2014. Both this Court and the Michigan Supreme Court denied defendant's applications for leave to appeal that decision.[2]

After the trial court received an email from the Michigan Department of Corrections (MDOC) on January 8, 2018, stating that defendant's sentence was invalid for failure to impose mandatory lifetime electronic monitoring, the trial court, on its own initiative, held a resentencing hearing on February 20, 2018, and amended defendant's judgment of sentence to impose mandatory lifetime electronic monitoring upon parole. This appeal followed.

## II. STANDARD OF REVIEW

"The proper interpretation and application of statutes and court rules is a question of law, which this Court reviews de novo." *People v Comer*, 500 Mich 278, 287; 901 NW2d 553 (2017).

## III. ANALYSIS

Defendant argues, and the prosecution agrees, that the trial court lacked the authority to amend his judgment of sentence on its own initiative, and that as a result, we must vacate the amended judgment of sentence. We agree.

In *Comer*, a case with facts substantially similar to those at issue here, our Supreme Court addressed whether a trial court's failure to impose mandatory lifetime electronic monitoring for a CSC-I conviction renders a sentence invalid and, if so, whether the trial court may correct the invalid sentence on its own initiative after entry of the original judgment of sentence. *Comer*, 500 Mich at 283. The Court held that a sentence for CSC-I is indeed invalid if it fails to impose lifetime electronic monitoring "except when the defendant is sentenced to life without the possibility of parole under [MCL 750.]520b(2)(c)[.]" *Id*. at 289, 293. However, the Court also held that "under MCR 6.435 and MCR 6.429, a trial court may not correct an invalid sentence on its own initiative after entry of the judgment; the court may only do so upon the proper motion of a party." *Id*. at 300, the Supreme Court vacated the defendant's amended judgment of sentence.

When the Supreme Court decided *Comer*, and when defendant was sentenced and resentenced in the instant case, MCR 6.429(A) provided: "A motion to correct an invalid sentence may be filed by either party. The court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law." *Comer*, 500 Mich at 294. But, effective September 2018, MCR 6.429(A) was amended to provide that a court may sua sponte correct an invalid sentence within six months of entry of the judgment of sentence. MCR 6.429(A).

Defendant was convicted of three counts of CSC-I pursuant to MCL 750.520b, but the trial court failed, in the original judgment of sentence, to impose mandatory lifetime electronic

---

[2] *People v Scott*, unpublished order of the Court of Appeals, entered January 30, 2015 (Docket No. 323880); *People v Scott*, 498 Mich 919 (2015).

monitoring, rendering the sentence invalid. By later amending the judgment of sentence, the trial court corrected the error on its own initiative, with no motion from either party, despite lacking the authority under *Comer* and the then-existing version of MCR 6.429(A). Further, even if the amended version of the court rule applied, it does not provide the trial court with the authority to sua sponte correct an invalid sentence nearly seven years after the original judgment of sentence was entered.

Nor could the failure to add lifetime electronic monitoring be attributed to a clerical error that might be correctable on the trial court's own initiative under MCR 2.612(A)(1), which provides in relevant part that "[c]lerical mistakes in judgments . . . and errors arising from oversight or omission may be corrected by the court at any time on its own initiative." The parties agree that lifetime electronic monitoring was neither mentioned during defendant's original sentencing hearing nor recommended in defendant's presentence investigation report (PSIR), and we find no evidence to the contrary. The *Comer* Court considered, and rejected, this exact argument. See *Comer*, 500 Mich at 293 ("[T]he parties do not contend that the failure to sentence defendant to lifetime electronic monitoring was a clerical mistake. Nor could they—the original sentencing judge said nothing about lifetime electronic monitoring at the initial sentencing."). In other words, the error was not that the judgment of sentence did not accurately reflect the trial court's original sentence; rather, the error was that the trial court imposed an invalid sentence. Such an invalid sentence was not correctable on the trial court's own initiative under *Comer*, which we are bound to follow. See *State Treasurer v Sprague*, 284 Mich App 235, 242; 772 NW2d 452 (2009).

Accordingly, we vacate defendant's March 19, 2018 amended judgment of sentence, and remand this case to the trial court for reinstatement of defendant's April 15, 2011 judgment of sentence. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra