*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DARLENE L. BROOKER, Personal Representative of the ESTATE OF GLENN STEVEN BROOKER,

        Plaintiff-Appellant,

v

TRINITY HEALTH MICHIGAN, formerly known as ST. JOSEPH MERCY HEALTH SYSTEM, WEN JING CHUNG, M.D., and GLOBAL ANESTHESIA SOLUTIONS, PLLC,

        Defendants-Appellees.

FOR PUBLICATION
March 19, 2026
11:42 AM

No. 369013
Washtenaw Circuit Court
LC No. 23-000412-NH

Before: KOROBKIN, P.J., and YATES and FEENEY, JJ.

FEENEY, J.

In this medical-malpractice action, plaintiff-appellant, Darlene Brooker, the personal representative of the estate of the decedent, Glenn Steven Brooker, appeals as of right the December 2023 trial court order dismissing defendant-appellee, Trinity Health Michigan, from this matter with prejudice. On appeal, however, plaintiff is only challenging the trial court's November 2023 order dismissing all claims against defendants-appellees, Wen Jing Chung, M.D. and Global Anesthesia Solutions, PLLC,[1] with prejudice.[2] We affirm.

## I. FACTS

This case arises from complications regarding the decedent's shoulder surgery and aftercare on November 10, 2020. Hours after his discharge from the hospital on November 11,

---

[1] Within this opinion, any reference to "defendants" specifically refers to Chung and Global Anesthesia Solutions.

[2] "A party claiming an appeal of right from a final order is free to raise issues on appeal related to prior orders." *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009) (quotation marks citation, and alteration omitted).

2020, the decedent died. The autopsy report indicated that the decedent's cause of death was "hypertensive arteriosclerotic cardiovascular disease" with contributing causes of "bupivacaine adverse effects and marked obesity." Notably, after his surgery, the decedent was hooked up to a pain pump that administered bupivacaine.

On September 27, 2022, plaintiff mailed a presuit notice of intent (NOI) to defendants. On February 10, 2023, defendants responded, denying any responsibility for the decedent's injuries. On March 28, 2023, plaintiff filed the complaint in this matter. On April 24, 2023, defendants filed affidavits of noninvolvement, pursuant to MCL 600.2912c. On August 10, 2023, defendants moved to dismiss plaintiff's complaint with prejudice, arguing that: (1) plaintiff failed to rebut defendants' affidavits of noninvolvement, and (2) because the complaint was filed before the expiration of the applicable notice period, plaintiff failed to commence a medical malpractice action before the period of limitations expired.

On November 16, 2023, after receiving trial briefs and hearing oral arguments on the matter, the trial court granted defendants' motion and dismissed plaintiff's claims against defendants with prejudice. The trial court determined that plaintiff's complaint—filed 182 days after her NOI—was filed before the expiration of the applicable notice period under MCL 600.2912b(1). Therefore, pursuant to *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 94; 869 NW2d 213 (2015), plaintiff's complaint failed to commence a medical malpractice action against defendants. Accordingly, because the statute of limitations period had run in the meantime, the trial court concluded that dismissal with prejudice was required.[3] Plaintiff now appeals.

## II. DISMISSAL WITH PREJUDICE

On appeal, plaintiff argues that the trial court erred by dismissing her medical malpractice claims against defendants with prejudice. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

Because this issue was raised, addressed, and decided by the trial court, it is preserved for appellate review. See *George v Allstate Ins Co*, 329 Mich App 448, 453; 942 NW2d 628 (2019). Although defendants moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10), the trial court did not specify the subsection of MCR 2.116(C) under which it granted summary disposition. Nonetheless, because the trial court granted summary disposition on the basis that plaintiff's claims were barred by the statute of limitations, we will conduct our review based on dismissal under MCR 2.116(C)(7).

MCR 2.116(C)(7) provides that dismissal of the action is appropriate when the statute of limitations bars a claim. "We review de novo a trial court's decision on a motion for summary disposition, reviewing the record in the same manner as must the trial court to determine whether the movant was entitled to judgment as a matter of law." *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012). "When a party brings a motion for

---

[3] The trial court declined to address defendants' remaining argument regarding plaintiff's failure to rebut the affidavits of noninvolvement.

summary disposition under MCR 2.116(C)(7), the contents of the complaint are accepted as true unless contradicted by the documentation submitted by the movant." *Sunrise Resort Ass'n, Inc v Cheboygan Co Rd Comm*, 511 Mich 325, 333; 999 NW2d 423 (2023) (quotation marks, citation, and alteration omitted). "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Dextrom v Wexford Co*, 287 Mich App 406, 429; 789 NW2d 211 (2010). But "if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate." *Id*.

"We also review de novo questions of statutory interpretation." *Sunrise Resort Ass'n*, 511 Mich at 333. "The goal of statutory interpretation is to effectuate the intent of the Legislature." *Id*. "To do so, we focus first on the statute's plain language and examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme." *Id*. at 333-334 (quotation marks, citation, and alteration omitted). "When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written." *Id*. at 334 (quotation marks and citation omitted).

## B. THE TRIAL COURT'S DECISION

The statute of limitations for a medical malpractice action is two years. MCL 600.5805(8). A medical malpractice action accrues "at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838a(1). A medical malpractice action is barred if it is not commenced within the statutorily prescribed time limits. MCL 600.5838a(2).

MCL 600.2912b(1) states that "a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section *not less than 182 days before the action is commenced*." (Emphasis added.) Compliance with this NOI requirement tolls the statute of limitations. MCL 600.5856(c).

In *Tyra*, 498 Mich at 94, the Michigan Supreme Court held that "[a]lthough a civil action is generally commenced by filing a complaint, a medical malpractice action can only be commenced by filing a timely NOI and then filing a complaint and an affidavit of merit *after* the applicable notice period has expired, but before the period of limitations has expired." (Emphasis added.) Therefore, when a plaintiff files a complaint before the expiration of the applicable notice period, the premature filing does not commence an action or toll the statute of limitations. *Id*.

In this case, the statute of limitations for plaintiff's medical malpractice claims expired on November 10, 2022, two years after the decedent's shoulder surgery. See MCL 600.5805(8); MCL 600.5838a(1). Plaintiff mailed her NOI on September 27, 2022, and she filed her complaint 182 days later, on March 28, 2023. Because plaintiff filed her complaint one day before the notice period *expired*, her complaint failed to commence an action or toll the statute of limitations. See *Tyra*, 498 Mich at 94. Accordingly, plaintiff failed to commence an action before the statute of limitations expired, and the trial court did not err by granting defendant's motion for summary disposition and dismissing defendants with prejudice. See *id*. ("Because plaintiffs did not wait until the applicable notice period expired before they filed their complaints and affidavits of merit,

-3-

they did not commence actions against defendants. Because the statute of limitations has since expired, plaintiffs' complaints must be dismissed with prejudice.").

On appeal, plaintiff raises several intervening arguments as to why the trial court's ruling was wrong in this case. We address, and dismiss, each argument in turn.[4]

### 1. MCR 2.112(L)(2)(a)

Plaintiff first argues that the trial court erred by granting defendants' motion to dismiss because defendants did not comply with MCR 2.112(L)(2)(a). We disagree.

Because plaintiff did not raise this specific issue in the trial court, it is not preserved for appeal. See *George v Allstate Ins Co*, 329 Mich App at 453. Nonetheless, because this "issue involves a question of law and the facts necessary for its resolution have been presented," we will overlook preservation requirements and briefly address it. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289-290; 14 NW3d 472 (2023).

MCR 2.112(L)(2)(a) provides that "all challenges to a notice of intent to sue must be made by motion, filed pursuant to MCR 2.119, at the time the defendant files its first response to the complaint, whether by answer or motion . . . ."

As an initial matter, defendants argue that MCR 2.112(L)(2)(a) does not apply to this case because their challenge is not to the NOI, it is to the timing of plaintiff's complaint—specifically whether plaintiff filed the complaint before the mandatory notice waiting period had expired. But in *Sanders v McLaren-Macomb*, 323 Mich App 254, 268-269; 916 NW2d 305 (2018), this Court said that

> the purpose of the NOI is simply to give advance notice of the claim being made by the plaintiff to facilitate potential settlement. Thus, whether a challenge raised by a defendant is based on the timeliness of the NOI, *the plaintiff's compliance with the notice waiting period*, a claim that no NOI was received, or the contents of the NOI, the challenge is ultimately directed at the sufficiency of the notice received regarding the plaintiff's intent to sue. Consequently, each of these different types of challenges is just one of the possible grounds on which to challenge the sufficiency of the NOI and is essentially a challenge to the NOI. MCR 2.112(L)(2)(a) applies to "all" challenges to an NOI. . . . The phrase "all challenges to a notice of intent to sue" in MCR 2.112(L)(2)(a) is therefore broad enough to

---

[4] On appeal, plaintiff acknowledges that this Court is bound by all Michigan Supreme Court precedent. See *State Treasurer v Sprague*, 284 Mich App 235, 242; 772 NW2d 452 (2009). Nonetheless, in an attempt to preserve an argument for further appeal, plaintiff argues that *Burton v Reed City Hosp Corp*, 471 Mich 745; 691 NW2d 424 (2005)—which: (1) was extensively discussed in *Tyra*, and (2) held that a complaint filed before the expiration of the notice period did not toll the statute of limitations—was wrongly decided. Because *Burton* has not been overruled or superseded, we are bound by its holding and do not reach this argument. See *State Treasurer*, 284 Mich App at 242.

encompass any of these grounds for challenging the notice given by a plaintiff . . . . There is no language in the court rule to indicate that its application is limited only to challenges to the NOI that are based on the content of the NOI. [Emphasis added.]

In this case, defendants' challenge was to "plaintiff's compliance with the notice waiting period . . . ." *Id*. at 268. Accordingly, MCR 2.112(L)(2)(a) applies to this case.

Defendants, resisting this conclusion, argue that the part of *Sanders* that plaintiff relies on is dicta because that case involved a claim that notice was not received, not a claim that plaintiff failed to comply with the notice waiting period. But the *Sanders* Court reached the conclusion it did because "MCR 2.112(L)(2)(a) applies to 'all' challenges to an NOI," which meant that they need not be "based on the content of the NOI." *Id*. at 269. This analysis was not dicta because it was "essential to determination of the case," *Roberts v Auto-Owners Ins Co*, 422 Mich 594, 597; 374 NW2d 905 (1985), and it also compels the conclusion that MCR 2.112(L)(2)(a) applies to a "plaintiff's compliance with the notice waiting period," *Sanders*, 323 Mich App at 268.

On appeal, plaintiff argues that defendants failed to comply with MCR 2.112(L)(2)(a) because defendants': (1) "first response to the complaint" were their affidavits of noninvolvement under MCL 600.2912c, which did not include a challenge to the NOI; and (2) challenge to the NOI came too late when it was raised in their motion to dismiss. See *id*. at 278. We disagree.

It is unlikely that an affidavit of noninvolvement under MCL 600.2912c counts as a "first response to the complaint" within the meaning of MCR 2.112(L)(2)(a). That is because the court rule provides that "all challenges to a notice of intent to sue must be made by motion, filed pursuant to MCR 2.119, at the time the defendant files its first response to the complaint, *whether by answer or motion* . . . ." MCR 2.112(L)(2)(a) (emphasis added). This concluding phrase, "whether by answer or motion," narrows the definition of "first response to the complaint." If a "first response to the complaint" could be something *other* than an answer or motion, then the phrase "whether by answer or motion" would be rendered mere surplusage in contravention of well-established norms of statutory interpretation. See *Casa Bella Landscaping, LLC v Lee*, 315 Mich App 506, 510; 890 NW2d 875 (2016) ("Court rules, like statutes, must be read to give every word effect and to avoid an interpretation that would render any part of the court rule surplusage or nugatory.") (quotation marks and citation omitted).

In the present case, defendants' affidavits of noninvolvement were not an answer or motion. An affidavit of noninvolvement is filed "*instead* of answering or otherwise pleading," MCL 600.2912c(1) (emphasis added); therefore, defendants' affidavits of noninvolvement were not an "answer." Further, a motion is "[a]n application to the court for an order," MCR 2.119(A)(1), and must "state the relief or order sought," MCR 2.119(A)(1)(c). The record reflects that defendants' affidavits of noninvolvement did not apply for an order or state that they sought other relief; therefore, defendants' affidavits of noninvolvement were not a "motion." Instead, defendants challenged plaintiff's compliance with the notice waiting period in the first answer or motion filed, which was their August 2023 motion to dismiss, filed "pursuant to MCR 2.119." Therefore, defendants complied with MCR 2.112(L)(2)(a), and plaintiff cannot prevail on the argument that defendants forfeited their notice-waiting-period defense.

## 2. MCL 600.2912b(9)

Plaintiff further argues that trial court erred by granting defendants' motion to dismiss because MCL 600.2912b(9)—an exception shortening the 182-day notice period—applied in this case. We disagree.

MCL 600.2912b(9) provides an exception shortening the standard 182-day notice period for medical malpractice actions:

> If at any time during the applicable notice period under this section a health professional or health facility receiving notice under this section informs the claimant in writing that the health professional or health facility does not intend to settle the claim within the applicable notice period, the claimant may commence an action alleging medical malpractice against the health professional or health facility, so long as the claim is not barred by the statute of limitations.

In this case, plaintiff argues that defendants' February 2023 response to the NOI, denying any responsibility for the decedent's injuries, was written notice that defendants did not intend to settle the claim within the notice period; therefore, MCL 600.2912b(9) allowed plaintiff to file her complaint early. We disagree.

Just as MCL 600.2912b(1) required plaintiff to send a NOI outlining the basis of her medical malpractice claim, MCL 600.2912b(7) required defendants to respond. Defendants simply complied with their statutory requirement in this case—nothing in their response indicates that defendants waived their right to the full 182-day notice period. As defendants argue, to accept the mere denial of liability as a waiver of the 182-day notice period would mean that the notice period would be shortened in every contested case. Accordingly, defendants' February 2023 response, merely denying liability, did not constitute written notice of an intent to waive the 182-day notice waiting period under MCL 600.2912b(9).

## 3. MCL 600.2301

Plaintiff further argues that the trial court erred by failing to apply MCL 600.2301 and disregard any errors in the proceedings that did not affect the parties' substantial rights. We disagree.

MCL 600.2301 provides as follows:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every state of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

Importantly, in *Tyra*, 498 Mich at 90-93, our Supreme Court held that MCL 600.2301 cannot save a plaintiff's actions when they prematurely file a complaint before the 182-day notice period has expired and the statute of limitations period has run because there was never a pending action in

such cases; this is because MCL 600.2301 only applies to pending actions or proceedings. Moreover, the Court held that applying MCL 600.2301 under such circumstances would deprive defendants of (1) their statutory right to a timely NOI, (2) the entirety of the notice waiting period, and (3) a statute-of-limitations defense; accordingly, it "would not be 'for the furtherance of justice' and would affect defendants' 'substantial rights.'" *Id*. at 92-93, quoting MCL 600.2301.

Because *Tyra* has not been overruled or superseded, we are bound by its holding that MCL 600.2301 cannot be applied to cases such as this one. See *State Treasurer v Sprague*, 284 Mich App 235, 242; 772 NW2d 452 (2009). Plaintiff's attempt to distinguish this case—by arguing that filing of the complaint one day before the end of the notice period did not prejudice defendants—is not persuasive. This same circumstance presented in *Tyra*.[5] Additionally, the fact that defendants were not served with the complaint until after the notice period expired is irrelevant because an action is commenced when it is filed, not when it is served. See MCL 600.1901.

Affirmed.

/s/ Kathleen A. Feeney
/s/ Daniel S. Korobkin
/s/ Christopher P. Yates

---

[5] In *Tyra*, our Supreme Court considered the consolidated cases of *Tyra v Organ Procurement Agency of Mich*, 302 Mich App 208; 850 NW2d 667 (2013), and *Furr v McLeod*, 304 Mich App 677; 848 NW2d 465 (2014). In *Furr*, 304 Mich App at 680, the plaintiff filed her complaint one day before the 182-day notice period expired.