**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED APRIL 7, 2004**

JOHN and BARBARA ABELA,

    Plaintiffs-Appellants,

v                          No. 124375

GENERAL MOTORS CORPORATION,

    Defendant-Appellee.

_____

**MEMORANDUM OPINION**

This case poses the question whether the federal consumer product warranty act prohibits enforcement of a binding arbitration agreement entered into by a person who purchases a vehicle under a motor vehicle manufacturer's employee purchase plan. The trial court ruled that such a binding arbitration agreement is prohibited by the federal act. The Court of Appeals reversed the trial court's decision, relying on the supposedly binding authority of the decisions of two federal circuit courts of appeals. We affirm the decision of the Court of Appeals, but do so

because we are persuaded by the reasoning employed in the federal decisions and not because we are bound by them.

Plaintiff John Abela purchased a 1999 Chevrolet truck from a General Motors dealership under defendant's employee purchase plan, which offered him a discount because of his wife's employment with General Motors. As part of the purchase contract, plaintiff was required to sign an agreement requiring any warranty dispute to be settled by binding arbitration. The truck subsequently developed a number of problems, necessitating costly repairs. Plaintiff and his wife brought suit under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (MMWA), 15 USC 2301 *et seq.*, as well as two Michigan statutes.[1] Defendant responded with a motion for summary disposition pursuant to MCR 2.116(C)(7), claiming that plaintiffs had agreed to arbitrate any claims they had against defendant.

The trial court denied defendant's motion and granted summary disposition in favor of plaintiffs pursuant to MCR 2.116(C)(9), for failing to state a valid defense. The trial court based its ruling on the determination that

---

[1] The two statutes are not relevant to this discussion. As the Court of Appeals correctly ruled in this case, the Michigan warranties on new motor vehicles act, the "lemon law," MCL 257.1401 *et seq.*, and the Michigan Consumer Protection Act, MCL 445.901 *et seq.*, are surmounted by the federal arbitration act.

2

defendant's program for binding arbitration was contrary to the MMWA and, therefore, unenforceable.

The Court of Appeals reversed the ruling of the trial court. 257 Mich App 513; 669 NW2d 271 (2003). It noted that two federal circuit courts of appeals had addressed the question whether the MMWA bars compulsory arbitration of written warranty claims, and that both had determined that the MMWA does not preclude such arbitration, otherwise enforceable under the Federal Arbitration Act (FAA), 9 USC 1 *et seq.* Citing *Schueler v Weintrob,* 360 Mich 621; 105 NW2d 42 (1960), and *Woodman v Miesel Sysco Food Co,* 254 Mich App 159; 657 NW2d 122 (2002), the Court of Appeals held that it is bound by the authoritative holdings of the federal courts of appeals on a federal question where there is no conflict among those federal courts on that question. Because the only two federal circuit courts of appeals that had ruled on the issue concluded that binding arbitration agreements are not prohibited by the MMWA, the Court of Appeals found that the trial court had erred in granting plaintiffs' motion for summary disposition and in denying defendant's motion for summary disposition.

We disagree with the Court of Appeals basis for reversing the decision of the trial court. The Court of Appeals concluded that it was bound by the decisions of the federal circuit courts of appeals on questions of federal

3

law.  257 Mich App 523.  Although state courts are bound by the decisions of the United States Supreme Court construing federal law, *Chesapeake & O R Co v Martin*, 283 US 209, 220-221; 51 S Ct 453; 75 L Ed 983 (1931), there is no similar obligation with respect to decisions of the lower federal courts. *Winget v Grand Trunk W R Co*, 210 Mich 100, 117; 177 NW2d 273 (1920).  See generally 21 CJS, Courts, § 159, pp 195-197; 20 Am Jur 2d, Courts, § 171, pp 454-455.  The Court of Appeals reliance on *Schueler v Weintrob*, 360 Mich 621; 105 NW2d 42 (1960), is misplaced. In that case, we were faced with conflicting decisions of lower federal courts and, of course, were "free to choose the view which seems most appropriate to us." 360 Mich 634. However, that statement does not establish the converse—that where there is no such conflict, we are bound to follow the decisions of even a single lower federal court. Although lower federal court decisions may be persuasive, they are not binding on state courts.

Although the federal courts of appeals decisions are not binding, we nevertheless affirm the decision of the Court of Appeals.  We have examined the decisions in *Walton v Rose Mobile Homes LLC,* 298 F3d 470 (CA 5, 2002), and *Davis v Southern Energy Homes, Inc,* 305 F3d 1268 (CA 11, 2002), and find their analyses and conclusions persuasive. Both decisions carefully examined the MMWA and the FAA, and

4

both concluded that the text, the legislative history, and the purpose of the MMWA did not evidence a congressional intent under the FAA to bar agreements for binding arbitration of claims covered by the MMWA. Persuaded by these analyses of the federal courts of appeals, we conclude that plaintiffs' agreement with defendant to address the warranty claim through defendant's dispute resolution process, including mandatory arbitration, is enforceable.

The Court of Appeals result is affirmed on the basis of the above analysis, and this matter is remanded to the trial court for entry of an order for binding arbitration pursuant to the agreement.

> Maura D. Corrigan
> Elizabeth A. Weaver
> Clifford W. Taylor
> Robert P. Young, Jr.
> Stephen J. Markman

CAVANAGH, J.

I would not dispose of this matter by memorandum opinion. I would grant leave to consider further briefing and argument.

> Michael F. Cavanagh
> Marilyn Kelly