# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* PETITION OF OTTAWA COUNTY
TREASURER FOR FORECLOSURE.

---

OTTAWA COUNTY TREASURER,

      Petitioner-Appellee,

v

JAMES NORBERT NAPIER,

      Respondent-Appellant.

UNPUBLISHED
May 24, 2016

No. 326236
Ottawa Circuit Court
LC No. 14-003806-CZ

---

Before: O'BRIEN, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Respondent, James Norbert Napier, "a tax protester,"[1] appeals as of right the circuit court's February 23, 2015 judgment of foreclosure. We affirm.

This appeal arises from a judgment of foreclosure entered pursuant to the General Property Tax Act (GPTA), MCL 211.1 *et seq.* In June 2014, petitioner, the Ottawa County Treasurer, filed a petition for foreclosure in the Ottawa Circuit Court seeking the foreclosure on and forfeiture of Parcel No. 70-16-30-155-020 owned by respondent and located in Holland, Michigan, based on an outstanding balance of $2,365.73 in delinquent taxes, interest, penalties, and fees. Respondent, appearing in propria persona, subsequently filed his objections, as well as several other documents, with the circuit court. Ultimately, it was his position that the circuit court lacked jurisdiction over his property and that petitioner could not make a statutory claim to his property due to his "expatriation out of the corporate, public U.S. citizenship status, and [his] repatriation into his original Birthright, and statute jurisdiction as a private, state Citizen." After hearing the testimony and arguments presented by the parties at oral argument on the petition, the circuit court entered a judgment of foreclosure in petitioner's favor. After the entry of that

---

[1] *US v Napier*, 172 F3d 874 (1998).

-1-

judgment, in March 2015, respondent paid the amount at issue, and his property was removed from the list of foreclosed properties.[2]  This appeal followed.

On appeal, respondent claims that his property should be removed from the petition because he has "expatriated" himself from United States citizenship and "repatriated" as a "private, state Citizen" into the "de jure Michigan republic."  Thus, he claims, he is not subject to "mere statutes" as a "private, state Citizen" other than those to which "he may have knowingly and with full disclosure contracted to."  Additionally, because of his claimed citizenship status, he argues that the "corporate state" lacks legal authority to tax his property under the "common law."  Thus, he concludes, the state is without authority to tax it.[3]  We disagree with respondent's position.

In our view, it is clear that respondent's property was subject to taxation under Michigan law.  MCL 211.1 provides that "all property, real and personal, within the jurisdiction of this state, not expressly exempted, shall be subject to taxation."  Respondent's property is real property, i.e., "[a]ll land within this state, all buildings and fixtures on the land, and all appurtenances to the land, except as expressly exempted by law," MCL 211.2(1)(a), for purposes of that statute, and none of the exceptions to that definition are applicable here.  Thus, respondent's property was subject to taxation under the GPTA.  Because he failed to pay those taxes, his property was properly listed on the petition for foreclosure that was filed by petitioner.  See MCL 211.78h(1).  After the petition was filed, respondent was provided adequate notice as required by the GPTA as well.  Respondent was mailed notice pursuant to MCL 211.78f, petitioner personally visited respondent's property pursuant to MCL 211.78i(3), and notice was published in two local newspapers pursuant to MCL 211.78i(5).  After receiving proper notice, respondent filed his objections to the petition in the circuit court, but those objections did not allege any of the appropriate grounds set forth in MCL 211.78k(2).  Thus, the circuit court properly entered the February 23, 2015 judgment of foreclosure.

Respondent's argument that the state is "without" jurisdiction to tax his property appears to reflect a misunderstanding of the meaning of "jurisdiction" for purposes of these statutory provisions.  While the term "jurisdiction" has multiple meanings, it is clear that the term "jurisdiction" is being used in the geographical sense in MCL 211.1.  And, in this case, there is no dispute that respondent's property is within Ottawa County and Michigan.  Respondent's claimed citizenship, in and of itself, does not alter this jurisdictional determination.  To the extent respondent's argument can be interpreted as challenging property taxes in general based on his "expatriated" citizenship, we reject that argument because it is unsupported by the record.  See 4

---

[2] We reject petitioner's argument that respondent's appeal was rendered moot in light of his March 2015 payment.  See MCL 211.78k(7).

[3] Although respondent captioned his brief on appeal as a claim for mandamus relief, it is apparent that he is not seeking mandamus relief.  Instead, he is challenging the circuit court's February 23, 2015 judgment of foreclosure.  Thus, to the extent petitioner argues that respondent's appeal should be dismissed because he failed to adequately establish a claim for mandamus relief, we reject that assertion.

USC § 1481. Furthermore, similar tax-related protests have been rejected all over our country, see *United States v Gerads*, 999 F2d 1255, 1256 (CA 8, 1993); *United States v Sloan*, 939 F2d 499, 499-501 (CA 7, 1991) and we find those rejections persuasive. *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood