Meter, J. (dissenting).
I respectfully dissent because I believe the trial court correctly denied defendant's motion for summary disposition. I would affirm.
As noted by the majority, plaintiff's insurance policy defined "uninsured motor vehicle" as follows:
3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":
* * *
d. That is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must hit, or cause an object to hit, an "insured", a covered "auto" or a vehicle an "insured" is "occupying". If there is no direct physical contact with the hit-and-run vehicle, the facts of the "accident" must be corroborated by competent evidence, other than the testimony of any person having a claim under this or any similar insurance as the result of such "accident".
In Dancey v. Travelers Prop. Cas. Co. of America , 288 Mich. App. 1, 2-3, 11-12, 792 N.W.2d 372 (2010), this Court considered a situation analogous to that in the instant case: the insured's vehicle hit a ladder in a roadway, and the policy language at issue was identical to that at issue here. The Court stated:
Defendant claims that in order for the hit-and-run vehicle to "cause an object to hit" plaintiff's vehicle, there must be a physical nexus between the hit-and-run vehicle and the object. Defendant argues that because no one could affirmatively state that the ladder fell off another vehicle, only speculation would permit a jury to conclude that there was any nexus between the ladder and the hit-and-run vehicle, and speculation is insufficient to establish a genuine issue of fact. Plaintiff argues that there was no other logical explanation for how the ladder came to be in the roadway, given that the area was not under construction, was not open to pedestrian traffic, and was not beneath an overpass from which a ladder could have fallen. [ Id . at 12, 792 N.W.2d 372.]
This Court ultimately affirmed the denial of summary disposition to the insurer, concluding that sufficient evidence had been presented to establish a substantial physical nexus between the ladder and another vehicle. Id . at 21-22, 792 N.W.2d 372. The majority indicates that the Dancey Court focused on the possibility of a "substantial physical nexus" between the ladder and another vehicle and not on the "cause an object to hit" phrasing from the policy. Implicit in the Dancey Court's holding, however, was that the situation in Dancey satisfied the pertinent language of the policy.
*854 Therefore, Dancey provides supportive caselaw for plaintiff's position in the present case.
In Berry v. State Farm Mut. Auto. Ins. Co. , 219 Mich. App. 340, 342-343, 556 N.W.2d 207 (1996), the insured's vehicle struck an object in a roadway and she sought uninsured motorist benefits. The insurance policy in question defined an "uninsured motor vehicle," in part, as a hit-and-run vehicle that "strikes ... the vehicle the insured is occupying." Id . at 342, 556 N.W.2d 207. This Court stated:
[D]efendant takes issue with the [trial] court's legal conclusion that plaintiff was covered under the uninsured motorist provision of the insurance policy. Defendant acknowledges, and we agree, that the policy's requirement that a hit-and-run vehicle must strike the insured's vehicle constitutes a requirement of physical contact between the hit-and-run vehicle and the insured's vehicle. Defendant's arguments all concern whether physical contact between a hit-and-run vehicle and plaintiff's vehicle occurred in this case.
* * *
[T]his Court has construed the physical contact requirement broadly to include indirect physical contact, such as where a rock is thrown or an object is cast off by the hit-and-run vehicle, as long as a substantial physical nexus between the disappearing vehicle and the object cast off or struck is established by the proofs. In this case, defendant argues that an insufficient nexus existed between a hit-and-run vehicle and the metal piece lying in the road. [ Id . at 346-347, 556 N.W.2d 207 (citations omitted).]
The Berry Court ruled that "the legal requirement of a substantial physical nexus between the hit-and-run vehicle and the object struck by plaintiff was established." Id . at 350, 556 N.W.2d 207. The Court indicated that adequate evidence of contact between the insured and another vehicle had been presented because "the metal piece lying in the road that [the insured's] vehicle struck was deposited by the hit-and-run vehicle itself, i.e., the truck hauling a trailer of scrap metal." Id . at 352, 556 N.W.2d 207.
The policy in Berry defined the term "uninsured motor vehicle" as a "motor vehicle ... which strikes ... the vehicle the insured is occupying," and the Court found adequate evidence of coverage. Id . at 342, 352, 556 N.W.2d 207. The policy in the present case defines the same term as "vehicle [that] ... cause[s] an object to hit ... a vehicle an 'insured' is 'occupying'." Accordingly, the policy language in the present case is broader than that at issue in Berry .
Both Dancey and Berry suggest the existence of coverage in the present case.[1] In addition, the plain language of the insurance policy supports the existence of coverage. Evidence demonstrated that the building materials in the road "hit" the ambulance when the ambulance proceeded over them. Random House Webster's College Dictionary (1997) defines the word "hit," in part, as "to come against with an impact[.]" The building materials in this case "c[a]me against" the ambulance "with an impact[.]" Accordingly, the white pickup truck "cause[d] an object to hit" the ambulance.
*855 In light of the policy language and existing caselaw, I would affirm the denial of summary disposition to defendant.[2]

The opinions of lower federal courts are not binding on this Court, but those opinions may be considered for their persuasive value. See Abela v. Gen. Motors Corp. , 469 Mich. 603, 606-607, 677 N.W.2d 325 (2004).

The temporal requirement of the term "hit and run" suggests that when this Court does consider whether the driver of a vehicle must have been aware of an accident for the accident to be labeled a hit-and-run, the answer will be yes. As this analysis has shown, absent a preceding accident there can be no hit and run. For the same reasons, absent knowledge of the accident, driving is simply driving, and it only becomes "running" if the driver is running from something, i.e., an accident.