# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ROY JOHN KLINESMITH,

      Defendant-Appellant.

UNPUBLISHED
November 15, 2018

No. 340938
Tuscola Circuit Court
LC No. 16-013834-FH

Before: M. J. KELLY, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

In June 2017, defendant pleaded no contest to operating while intoxicated (OWI), third offense, MCL 257.625(1) and MCL 257.625(9)(c), and to possession of less than 25 grams of a controlled substance (cocaine), MCL 333.7403(2)(a)(*v*). The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to 5 years' probation and 300 days in jail, with 90 days to be served immediately and the remaining time deferred. The trial court entered an order of probation requiring defendant to register as a sex offender pursuant to the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. Defendant objected to registering under SORA on the grounds that it was an unconstitutional ex post facto law. The trial court rejected defendant's objection, relying on *People v Tucker*, 312 Mich App 645, 653; 879 NW2d 906 (2015), lv gtd 911 NW2d 466 (Mich 2018). Defendant appeals by delayed leave granted.[1] We affirm.

In 1983, defendant was convicted of attempted criminal sexual conduct. He was sentenced to four years in prison, and he served two years before being released on parole. SORA was enacted in 1994 and took effect on October 1, 1995. 1994 PA 295; *Tucker*, 312 Mich App at 655. SORA was amended in 2011, 2011 PA 17, to include a "recapture" provision, *Tucker*, 312 Mich App at 649-650, which requires SORA registration for "[a]n individual who was previously convicted of a listed offense for which he or she was not required to register under this act, but who is convicted of any other felony on or after July 1, 2011." MCL

---

[1] *People v Klinesmith*, unpublished order of the Court of Appeals, issued January 24, 2018 (Docket No. 340938).

28.723(1)(e). Accordingly, following his 2017 felony convictions, see MCL 257.625(9)(c) and MCL 333.7403(2)(a)(*v*), defendant was required to register as a sex offender.

Defendant argued that his required registration under SORA, "for an offense that occurred more than thirty years ago," amounted to an unconstitutional ex post facto punishment. Defendant relied on *Does #1—5 v Snyder*, 834 F3d 696 (CA 6, 2016), which held that SORA's requirements constitute a punishment. In rejecting defendant's argument, the trial court relied on our holding in *Tucker*, 312 Mich App at 653, that " 'the recapture provision found in MCL 28.723(1)(e) does not violate the Ex Post Facto Clauses of the state and federal constitutions.' "

We review constitutional issues de novo. *People v Dipiazza*, 286 Mich App 137, 144; 778 NW2d 264 (2009). On appeal, defendant maintains that his registration under SORA violates the Ex Post Facto Clauses of the United States and Michigan Constitutions. As defendant acknowledges, this Court held in *Tucker* that MCL 28.723(1)(e) does not constitute an ex post facto law. *Tucker* is binding precedent that we must apply, MCR 7.215(J)(1), and that status is unaffected by the Supreme Court's grant of leave, MCR 7.215(C)(2). Further, *Does #1-5*, 834 F3d 696, does not warrant the issuance of a conflict opinion. See MCR 7.215(J)(2).

Statutes are presumed to be constitutional and are construed as such "unless their unconstitutionality is readily apparent." *People v Vandenberg*, 307 Mich App 57, 62; 859 NW2d 229 (2014). "The party challenging a statute's constitutionality bears the burden of proving its invalidity." *Id*. The United States and Michigan Constitutions prohibit the enactment of an ex post facto law. US Const, art I, § 9; Const 1963, art 1, § 10. "The Ex Post Facto Clauses of the United States and Michigan Constitutions bar the retroactive application of a law if the law: (1) punishes an act that was innocent when the act was committed; (2) makes an act a more serious criminal offense; (3) *increases the punishment for a crime*; or (4) allows the prosecution to convict on less evidence." *People v Earl*, 495 Mich 33, 37; 845 NW2d 721 (2014) (emphasis added).

This Court determined that it was the third category at issue in *Tucker*, which presented the same issue that defendant raises in this appeal. *Tucker*, 312 Mich App at 651. The *Tucker* defendant was required to register under SORA under MCL 28.723(1)(e) based on a felony conviction in 2013. *Id*. at 650. He argued that this requirement increased the punishment for his pre-SORA criminal sexual conduct conviction. *Id*. at 652. This Court disagreed, likening MCL 28.723(1)(e) to "recidivist statutes" in which the added punishment pertains to the subsequent, rather than the prior, conviction. *Id*. at 652-653. In other words, this Court determined that MCL 28.723(1)(e) did not apply retroactively to past crimes; rather, it imposed "new legal consequences" to felonies committed after July 1, 2011. *Id*. at 653.

As stated, *Tucker* is binding precedent that we must apply. MCR 7.215(J)(1). Accordingly, we reject defendant's ex post facto challenge for the reasons stated in *Tucker*. Further, we disagree with defendant that *Does #1-5*, 834 F3d 696, shows that *Tucker* was wrongly decided. Not one of the five plaintiffs in *Does #1-5* was required to register under SORA by virtue of MCL 28.723(1)(e). See *John Does 1-4 v Snyder*, 932 F Supp 2d 803, 807-808 (ED Mich, 2013), rev'd sub nom *Does #1-5*, 834 F3d 696. Accordingly, the Sixth Circuit did not address the recapture provision or the argument that the provision is akin to a recidivist statute and therefore does not violate the ex post facto prohibition. In short, *Does #1-5* does not

provide a basis for disagreeing with *Tucker*. See MCR 7.215(J)(2). Moreover, we are not bound by the Sixth Circuit's construction of federal law. See *Abela v Gen Motors Corp*, 469 Mich 603, 606; 677 NW2d 325 (2004).

Affirmed.


/s/ Michael J. Kelly
/s/ David H. Sawyer
/s/ Jane E. Markey