*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FOX BAY CIVIC ASSOCIATION,
INCORPORATED,

Plaintiff-Appellee,

v

JANIS CRESWELL,

Defendant-Appellant.

UNPUBLISHED
May 30, 2019

No. 343384
Oakland Circuit Court
LC No. 2017-161628-CH

Before: SHAPIRO, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

In this action seeking injunctive relief to enforce a deed restriction, defendant, Janis Creswell, appeals as of right the trial court's order denying her motion for summary disposition and granting summary disposition and judgment for plaintiff, Fox Bay Civic Association, Incorporated, pursuant to MCR 2.116(I)(2). We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of defendant's construction of a fence around her backyard. Defendant bought the property, which is located in the Fox Bay Subdivision in White Lake, Michigan, in October 2016. The Fox Bay Subdivision is governed by plaintiff as the homeowners association, and its properties are subject to deed restrictions, section 7 of which prohibits owners from erecting fences on their property unless they submit detailed specifications to plaintiff, along with a $25 review fee, and plaintiff approves the project in writing. The deed restrictions state that the purpose of that particular restriction is to "insure the development of the subdivision into a beautiful[,] harmonious, exclusive, private residential section." According to the affidavit of Robert Breit, plaintiff's vice president, the only fences that have been permitted in the Fox Bay Subdivision are those surrounding swimming pools, as such fences are required

by state law for safety purposes.[1]  Breit also avers that, prior to defendant purchasing her home, he informed her that a fence was prohibited under the neighborhood deed restrictions.

Defendant suffers from several medical illnesses, including an inflammatory disorder of the nervous system and lupus.  As a result, she was prescribed, and now owns, an emotional support dog.  It also appears that she owns a registered service dog.  After purchasing her house, defendant constructed a fence around her backyard.  She did not submit an application to plaintiff or otherwise request approval prior to building the fence.

Plaintiff subsequently notified defendant that she had violated the deed restrictions.  It requested that she remove the fence and informed her that there are a number of reasonable alternatives available to her that do not violate the deed restrictions, such as a dog run, construction of which is allowed pursuant to a permit granted by plaintiff, or an invisible fence for which no approval is required.  Either of those options would allow defendant's dogs to use her backyard without requiring her presence outside with them.  Defendant did not remove her fence.  In an attempt to resolve the matter without litigation, plaintiff offered to approve defendant's fence retroactively if she obtained consent from all of her neighbors.  Defendant was unable to obtain the consent of all of her neighbors.

On October 19, 2017, plaintiff filed a complaint alleging that defendant was in violation of the deed restrictions.  Plaintiff alleged that defendant had not removed her fence despite several notifications or demands and requested that the court enjoin defendant from maintaining a fence on her property.[2]

In lieu of filing an answer, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10).[3]  She contended that plaintiff violated the Fair Housing Act and the

---

[1] The Fox Bay Civic Association Construction Specifications provides, in pertinent part, as follows:

> No fences allowed except as required by state and township requirements for swimming pool safety.  The minimum of 4 ft. chain link or equivalent is recommended and to be placed around the immediate pool area and not to exceed the length of the existing home.  All fencing must be approved by the FBCA Board and a property improvement form must be completed.

[2] Plaintiff also alleged that defendant had repeatedly parked a jet ski and trailer outside her house, another violation of the deed restrictions, and it requested that the court enjoin defendant from doing so.  That complaint was resolved before the trial court and is not relevant to an issue on appeal.

[3] In that motion, defendant also contended summary disposition pursuant to MCR 2.116(C)(5) (lack of standing) was proper because plaintiff had failed to file annual reports in 2016 and 2017, thus, it should be considered dissolved.  The court however, disagreed and held that plaintiff had since renewed its corporate existence, giving it the legal capacity to sue defendant.  Defendant does not challenge that conclusion on appeal.

equivalent Michigan laws, the Persons with Disabilities Civil Rights Act, MCL 37.1101 *et seq.*, and the Civil Rights Act, MCL 37.2101 *et seq*. She claimed she was a protected person under those laws and that she needed a fence to keep her dogs, as evidenced by notes from various doctors. Her request to keep the fence, she claimed, was a reasonable accommodation that should be granted.

In opposing defendant's motion, plaintiff contended that defendant's disability did not authorize her to violate the deed restrictions. In light of other available alternatives that would allow defendant to keep her dogs in her backyard without constructing a fence or violating the deed restrictions, defendant had failed to show that a backyard fence was a reasonable modification. Additionally, defendant had failed to show that plaintiff's refusal to permit the fence amounted to the refusal of a reasonable accommodation. Finally, plaintiff asserted that it, instead of defendant, was entitled to summary disposition because defendant had built a fence around her property that the deed restrictions clearly prohibited.

In her reply, defendant contended that an invisible fence was not a reasonable modification because it would not keep other dogs out of her yard. Defendant's doctor stated that she needs a fence both to keep her dogs enclosed and to protect her and her dogs from other dogs that could attack them. Additionally, plaintiff would have allowed defendant to keep her fence if the immediate neighbors agreed to the fence, therefore, a fence must be a reasonable modification.

At the hearing on defendant's motion for summary disposition, the parties reiterated arguments previously advanced. In addition, defendant contended that plaintiff allowed fences in backyards if the homeowner had a swimming pool, a fact demonstrating that plaintiff allowed fences; therefore, plaintiff should grant her request.

The court denied defendant's motion for summary disposition because she had not presented any evidence to refute the allegations in plaintiff's complaint, and she had not asserted any counterclaim under the Fair Housing Act or Persons with Disabilities Civil Rights Act, nor had she presented admissible evidence that plaintiff violated either statute. The court concluded that there was no discrimination because defendant has reasonable alternatives, which, as plaintiff pointed out, include putting in a dog run or installing an invisible fence. The court noted that defendant knew of the restriction before purchasing the property and that plaintiff attempted to resolve the matter after defendant violated the deed restriction and later refused to take the fence down by giving her an opportunity to get the consent of her neighbors. Because defendant was in violation of the deed restrictions, the court granted summary disposition in favor of plaintiff pursuant to MCR 2.116(I)(2), and issued a corresponding order on February 21, 2018.

Defendant subsequently filed a motion for reconsideration, contending that Breit's affidavit was factually inaccurate and had misled the court. Defendant asserted that, contrary to Breit's attestation that plaintiff approved fences only for swimming pools, there were residences

nearby with fences but without swimming pools.[4] Defendant contended that plaintiff had engaged in selective enforcement of the deed restrictions by allowing fences around swimming pools. Defendant asserted that she also had a counterclaim for discrimination under the Fair Housing Act that she had not been able to pursue. Discrimination existed under the Fair Housing Act, therefore, the court should allow defendant to properly defend herself against plaintiff's claim and pursue her discrimination claim. The court, ruling without oral argument pursuant to MCR 2.119(F)(2), denied defendant's motion for reconsideration because defendant both had failed to demonstrate a palpable error that misled the court and also could have argued those contentions prior to the court's decision. This appeal followed.[5]

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual support for a party's claim and is properly granted if there is " 'no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.' " *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018), quoting *West v General Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). In reviewing a motion under subsection (C)(10), this Court must consider the evidence presented in the light most favorable to the nonmoving party. *Patrick*, 322 Mich App at 605. However, summary disposition is appropriate under MCR 2.116(I)(2), "if the court determines that the opposing party, rather than the moving party, is entitled to judgment as a matter of law." *Rataj v City of Romulus*, 306 Mich App 735, 747; 858 NW2d 116 (2014), (quotation marks and citation omitted).

Additionally, an appellate court reviews questions of statutory interpretation and the proper interpretation of contract provisions de novo. *Bazzi v Sentinel Insurance Co*, 502 Mich 390, 398; 919 NW2d 20 (2018).

---

[4] Defendant presented no evidence that owners of nearby homes with fences but no swimming pools are members of the subdivision subject to plaintiff's deed restrictions, and she does not make this claim on appeal.

[5] In its brief on appeal, plaintiff challenges whether this Court has jurisdiction over defendant's appeal because defendant originally failed to file as the order appealed from the February 21, 2018 order granting summary disposition and judgment to plaintiff, and instead filed the trial court's order denying reconsideration. In the view of the Court, defendant's initial failure to file the proper order appealed from was clearly a clerical error, which defendant has rectified. When defendant originally failed to file a copy of the February 21, 2018 order with her claim of appeal, a defect letter was generated on April 18, 2018 advising her to file the February order within 21 days. Defendant subsequently filed the correct order within the allotted timeframe. The requirements of MCR 7.201(B)(3) were thus satisfied, and this Court has jurisdiction.

III. DISCUSSION

Defendant first contends that the trial court erred in granting summary disposition for plaintiff because a genuine issue of material fact exists regarding whether the Fair Housing Act (FHA), 42 USC 3601 *et seq.*, precluded plaintiff from enforcing the deed restriction against her. We disagree.[6]

A deed restriction is a form of restrictive covenant that constitutes a contract between a buyer and seller of property that allows the seller to restrict the buyer's use of the property. *Bloomfield Estates Improvement Ass'n, Inc v City of Birmingham*, 479 Mich 206, 212; 737 NW2d 670 (2007). Such restrictions generally "allow the parties to preserve desired 'aesthetic' or other characteristics in a neighborhood, which the parties may consider valuable for raising a family, conserving monetary value, or other reasons particular to the parties." *Id*. at 214. Courts generally support the right of property owners to enforce covenants that affect their own property because "enforcement of such restrictions grants the people of Michigan the freedom 'freely [sic] to arrange their affairs' by the formation of contracts to determine the use of land." *Id*., quoting *Rory v Continental Ins Co*, 473 Mich 457, 468; 703 NW2d 23 (2005). Therefore, unambiguous deed restrictions are enforced as written "unless the restriction contravenes law or public policy, or has been waived by acquiescence to prior violations[.]" *Bloomfield Estates*, 479 Mich at 214.

Defendant contends that, by attempting to enforce the deed restriction at issue, plaintiff is discriminating against her under the FHA. Section 3604(f)(3) of the FHA prohibits discrimination against a buyer of a house because of that person's handicap or disability. *Plymouth Charter Twp v Dep't of Social Services*, 198 Mich App 385, 389; 501 NW2d 186 (1993). Discrimination under § 3604(f)(3) may include either of the following:

(A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises . . . .

(B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

---

[6] This Court may determine whether plaintiff violated the federal FHA because this Court has the "responsibility to enforce [federal] law according to [its] regular modes of procedure." *Howlett v Rose*, 496 US 356, 367; 110 S Ct 2430; 110 L Ed 2d 332 (1990). If there is a lack of Michigan case law addressing or interpreting the federal statute at issue, this Court may look to decisions from other jurisdictions for guidance. *In re LFOC*, 319 Mich App 476, 481 n 1; 901 NW2d 906 (2017). In addressing questions of federal law, this Court is bound to follow the decisions of the United States Supreme Court construing that law. *Abela v General Motors Corp*, 469 Mich 603, 606; 677 NW2d 325 (2004). However, there is no such duty with respect to the decisions of other federal courts; those decisions may be persuasive, but are not binding. *Id*. at 606-607.

Parties asserting claims under § 3604(f)(3) must prove that the modification or accommodation is both reasonable and necessary for them to have the equal opportunity to enjoy the housing of their choice.[7] See *Hollis v Chestnut Bend Homeowners Ass'n*, 760 F 3d 531, 541-542 (CA 6, 2014). The question of reasonableness is typically the crux of the matter. *Id*. at 541. A modification or an accommodation " 'is reasonable when it imposes no fundamental alteration in the nature of the program or undue financial and administrative burdens.' " *Bachman*, 252 Mich App at 421, quoting *Howard v City of Beavercreek*, 276 F3d 802, 806 (CA 6, 2002). In addressing whether an accommodation is reasonable, a court may consider the benefits of the proposed accommodation against the extent to which the legitimate purposes and effects of the regulation would be undermined by the accommodation. *Bryant Woods Inn, Inc v Howard Co, Maryland*, 124 F3d 597, 604 (CA 4, 1997). For example, the court may consider "whether alternatives exist to accomplish the benefits more efficiently." *Id*. Similarly, in addressing whether a modification is reasonable, the burden that the requested modification would impose must be weighed against the benefits that it would provide to the disabled individual. *Hollis*, 760 F3d at 541-542. In either circumstance, the question of reasonableness is a fact-specific inquiry that must be determined on a case-by-case basis. *Bachman*, 252 Mich App at 418; *Hollis*, 760 F3d at 542. A disabled individual is "not entitled to the accommodation of his or her choice, but is entitled only to a reasonable accommodation." *Weiss v 2100 Condominium Ass'n, Inc*, 941 F Supp 2d 1337, 1343 (SD Fla, 2013). " 'A failure to provide a reasonable accommodation only becomes unlawful discrimination when it impairs a person's use and enjoyment of a dwelling.' " *Bachman*, 252 Mich App at 418, quoting *Samuelson v Mid-Atlantic Realty Co, Inc*, 947 F Supp 756, 760 (D Del, 1996).

To survive summary disposition, defendant had to show that a genuine issue of material fact exists regarding whether plaintiff's enforcement of the deed restriction under the circumstances constitutes discrimination in violation of § 3604(f)(3). Defendant asserts both a reasonable-accommodation argument, § 3604(f)(3)(B), and a reasonable-modification argument, § 3604(f)(3)(A). With respect to her reasonable-accommodation argument, defendant contends in her main brief to this Court that plaintiff "[is] not accommodating her at all in this case," but is "flat out demanding that she live in the subdivision under the same rules as everyone else regardless of her disability." Essentially, defendant is arguing that plaintiff should simply overlook her construction of the fence in clear violation of the deed restrictions, including not submitting a request to build one, and approve her actions after the fact.[8] The crux of the matter

---

[7] Some courts represent these criteria as three separate categories for purposes of analysis: reasonableness, necessity, and equal opportunity. See *Bachman v Swan Harbour Ass'n*, 252 Mich App 400, 420; 653 NW2d 415 (2002), citing *Howard*, 276 F3d at 806. As the *Hollis* court noted, however, "equal opportunity" is generally subsumed into the second requirement of necessity. *Hollis*, 760 F3d at 541; see also *Bachman*, 252 Mich App at 421 (noting that a plaintiff must show that the requested accommodation or modification is necessary for the plaintiff to have an equal opportunity to enjoy the housing of their choice).

[8] To the extent that defendant argues that the fence itself is a reasonable accommodation, she is mistaken. Pursuant to 42 USC 3604(f)(3)(B), accommodations involve "rules, policies,

is whether ignoring the requirements of the deed restriction under the circumstances presented would be both reasonable and necessary for defendant to have an equal opportunity to enjoy the use of her property. We conclude that defendant has not established a genuine issue of material fact with regard to reasonableness or necessity.

As previously indicated, "[a]n accommodation is reasonable when it imposes no fundamental alteration in the nature of the program or undue financial and administrative burdens." *Bachman*, 252 Mich App at 421 (quotation marks and citation omitted). Approving defendant's actions after the fact and without the consent of her neighbors would undermine the purpose of the deed restriction and threaten the benefits property owners derive from enforcement of the restriction. Turning the deed restriction into a deed suggestion would undercut plaintiff's authority to enforce the restriction to ensure an aesthetically pleasing and "harmonious" subdivision, as it would invite residents to act now and seek plaintiff's approval later. Weakening the practical effect of deed restrictions would either fundamentally alter the aesthetic nature of the subdivision or impose "undue financial and administrative burdens" on plaintiff in the form of heightened watchfulness for unapproved structures and additional efforts, including legal actions, to enforce the deed restrictions. In other words, simply approving the fence after the fact would undermine the legitimate purposes and effects of the requirement to seek and obtain preapproval before erecting a fence or other structure named in the deed restriction. See *Bryant Woods Inn, Inc*, 124 F3d at 604.

In addition, defendant has not shown the existence of a genuine issue of material fact that approving the fence after the fact is necessary for her to have an equal opportunity to use and enjoy her home. See *Bachman*, 252 Mich App at 421; *Hollis*, 760 F3d at 541. The necessity element for disability discrimination under the FHA "requires that an accommodation be essential, not just preferable." *Vorcheimer v Philadelphian Owners Ass'n*, 903 F3d 100, 107 (CA 3, 2018). "Gauging necessity . . . requires considering whether another alternative on offer satisfies the goal of equal housing opportunity for that tenant." *Id*. at 108. As will be discussed below, defendant has not raised a genuine issue of material fact that there are not reasonable alternatives to her fence, alternatives that provide her an equal opportunity to use and enjoy her home while also complying with the deed restrictions. Because there are reasonable alternatives to her fence, plaintiff has not shown that ex post facto approval of her fence is necessary to satisfy the goal of equal housing opportunity. *Id*. Thus, because defendant has not established a genuine issue of material fact that plaintiff's after-the-fact approval of a fence constructed in blatant violation of the deed restriction is reasonable or necessary, her reasonable-accommodation defense to plaintiff's enforcement of the deed restriction must fail.

---

practices, or services." Defendant's fence is none of these things; rather, it is a modification of her premises. 42 USC 3604(f)(3)(A). The only accommodation defendant has sought is for plaintiff to let her keep the fence, which would be tantamount to disregarding the deed restriction and the rights of defendant's neighbors to enforce the deed restrictions. See *Bloomfield Estates*, 479 Mich at 214.

Defendant next argues that plaintiff is not entitled to summary disposition because her fence is a reasonable modification. The issue turns again on the question of reasonableness and necessity. This is particularly so because, as will be discussed below, defendant has not established a genuine issue of material fact that there are not reasonable alternatives to her fence. "To determine the reasonableness of [a] requested modification, the burden that the requested modification would impose on [plaintiff] (and perhaps on persons and interests whom [plaintiff] represents) must be weighed against the benefits that would accrue to [defendant]." *Hollis*, 760 F3d at 541-542. *Loren v Sasser*, 309 F3d 1296 (CA 11, 2002) is instructive in this regard.

One of the plaintiffs in *Loren* suffered from severe disabilities, needed a guide dog, and wanted to build a fence in the front yard for herself and the dog. *Loren*, 309 F3d at 1298. The deed restrictions, however, dictated that the homeowners association must approve any fence. *Id*. A proposal was submitted, but the association denied the request, stating that the deed restrictions prohibited a fence in the front yard and that, because the plaintiffs lived on a corner lot, the fence may inhibit the visibility of drivers at the nearby intersection. *Id*. at 1298-1299. The association communicated to the plaintiffs that they could instead construct a fence on the side or at the back of the house, neither of which was prohibited by the deed restrictions. *Id*. After the plaintiffs sued the association, contending that the denial was a violation of the FHA, the court held that no discrimination had occurred under § 3604(f)(3). *Id*. at 1302-1303. The court reasoned that a fence in the back yard was a reasonable accommodation as it would provide for the plaintiff's disability, namely, allowing the plaintiff to be outside with her dog, while still being in conformity with the deed restrictions. *Id*. The fact that it was not the plaintiffs' preference did not render the accommodation unreasonable. *Id*.

In the case at bar, there is no dispute that, because of her disability, defendant has a service dog and an emotional support dog and needs some means of allowing them to go outside without supervision. Certainly, defendant's fence would be a modification that serves her purpose, but it violates the deed restriction and the rights of other property owners to enforce that restriction. See *Hollis*, 760 F3d at 541-542; *Bryant Woods*, 124 F3d at 604. Plaintiff suggested reasonable modifications that would provide for defendant's disability while complying with the deed restrictions, namely, that she put in an invisible fence or a dog run. Either of these would allow defendant's dogs to be outside unsupervised, and defendant has not adequately explained why either of those alternatives is insufficient. With regard to an invisible fence, defendant has asserted that it is insufficient because it will not keep other dogs out of her yard and away from her dogs. However, to the extent residents are subject to the risk of unaccompanied dogs coming onto their property and approaching their dogs, it is a risk faced equally by all dog owners in the subdivision, unrelated to whether they are disabled or able-bodied. Moreover, a dog run arguably would eliminate this concern. Defendant states in her brief to this Court that she informed plaintiff that a dog run "would not work due to her condition."[9] But this vague

---

[9] Defendant asserts that she has a doctor's note that says she needs a fence. The assessment of defendant's physical condition is an important factual consideration in this case. However, whether plaintiff has violated a federal law by refusing a reasonable accommodation or a

dismissal of what seems to be a reasonable alternative to a fence that also comports with the deed restriction and the aesthetics of the subdivision, does not establish a genuine issue of material fact that plaintiff has not discriminated against defendant under § 3604(f)(3)(B). Plaintiff has shown that reasonable alternatives exist which would better balance defendant's needs to let a dog outside unsupervised with the need to control and preserve the aesthetic uniformity and character of the community. See *Loren*, 309 F 3d at 1302-1303.

The trial court granted plaintiff summary disposition on its claim for injunctive relief to enforce a deed restriction. Defendant argued that plaintiff was not entitled to enforce the deed restriction because plaintiff had discriminated against her by refusing her reasonable accommodation or reasonable modification. However, defendant has not produced evidence of a genuine issue of material fact that her requested accommodation—approval of her fence after the fact and without the consent of her neighbors—was reasonable or necessary. Nor has she established a genuine issue of material fact that she was entitled to her requested modification—the fence—given the availability of reasonable alternatives that both serve her disability and comply with the deed restriction. For these reasons, the trial court did not err in granting plaintiff's summary disposition.

Defendant contends for the first time on appeal that the trial court erred in granting summary disposition for plaintiff because a genuine issue of material fact exists regarding whether plaintiff waived enforcement of the deed restriction by permitting the construction of other fences. We disagree.

While deed restrictions are generally enforceable, this Court may decline to enforce a restriction that has been waived by acquiescence to prior violations. *Bloomfield Estates*, 479 Mich at 214. "There is no waiver of restrictions where the character of the subdivision has not been so altered as to defeat the original purpose of restriction." *Tottis v Dearborn Hills Civic Ass'n, Inc*, 467 Mich 945; 656 NW2d 525 (2003).

Defendant contends that plaintiff waived enforcement of the deed restrictions because it has allowed fencing around pools. However, the building of a fence around a pool does not violate the deed restrictions, as the deed restrictions do not categorically prohibit fences. Rather, they only prohibit residents from building a fence without permission. Defendant has presented no evidence that plaintiff has ever allowed a fence to be built around a swimming pool without prior permission and in a restricted fashion deemed acceptable to plaintiff. Moreover, plaintiff's limiting the use of fences strictly to protect people from the dangers of drowning in a pool does not constitute a waiver or selective enforcement of the deed restrictions, as in doing so, the character of the subdivision has not been so altered as to defeat the original purpose of the deed restrictions. *Tottis*, 467 Mich 945.

---

reasonable modification are legal conclusions, the determination of which exceeds her doctors' area of expertise.

Defendant did not establish a genuine issue of material fact that plaintiff's enforcement of the deed restriction violates § 3604(F)(3) or that plaintiff waived enforcement of the restriction. Under the circumstances presented, there is no genuine issue of material fact that plaintiff was entitled to enforce the deed restriction. Therefore, we conclude that the trial court did not err in denying defendant's motion for summary disposition and in granting plaintiff summary disposition pursuant to MCR 2.116(I)(2).

Affirmed.


/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Jane M. Beckering