# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 11, 2020

159690

*In re* PETITION OF ATTORNEY GENERAL
FOR SUBPOENAS.

_____

ATTORNEY GENERAL,
          Petitioner-Appellant,

v

VERNON E. PROCTOR, M.D.,
          Respondent-Appellee.

_____/

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

SC: 159690
COA: 342680
Ingham CC: 17-000021-PZ

On November 12, 2020, the Court heard oral argument on the application for leave to appeal the February 26, 2019 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we AFFIRM the holding of the Court of Appeals in part, REVERSE the holding of the Court of Appeals in part, and DENY the application in all other respects.

The Court of Appeals erred in concluding that the circuit court was required to hold a hearing before issuing a subpoena pursuant to 42 CFR 2.66. As an initial matter, the Court of Appeals erred in holding it was bound by the analysis of lower federal courts. See *Abela v General Motors Corp*, 469 Mich 603, 606 (2004) ("Although state courts are bound by the decisions of the United States Supreme Court construing federal law . . . there is no similar obligation with respect to decisions of the lower federal courts."). The Court of Appeals was free to rely on federal appellate cases insofar as it found them "persuasive." *Id*. at 607. But neither case is persuasive because neither stands for the proposition that 42 CFR 2.66 requires a hearing before a subpoena can be issued. The Eleventh Circuit, in *Hicks v Talbot Recovery Sys, Inc*, noted that 42 CFR 2.64 requires, among other things, "a closed judicial hearing." 196 F3d 1226, 1242 n 32 (CA 11, 1999). Indeed, 42 CFR 2.64(b) requires that notice to a patient and the person holding a patient's records must include "[a]n opportunity to file a written response to the application, or to appear in person, for the limited purpose of providing evidence . . . ." Further, 42 CFR 2.64(c) specifically

describes how hearings are to be held. While 42 CFR 2.66 incorporates 42 CFR 2.64(d) and 42 CFR 2.64(e), it does not incorporate 42 CFR 2.64(b) or 42 CFR 2.64(c). The First Circuit, in *United States v Shinderman*, applied 42 CFR 2.66, but that case was not about whether there should have been a hearing prior to issuance of a subpoena. 515 F3d 5 (CA 1, 2008). No party argued that. *Shinderman* was about notice required after issuance of a subpoena. *Shinderman*, 515 F3d at 10. There is no argument here that notice was defective. *Hicks* and *Shinderman* having nothing to say about whether 42 CFR 2.66 requires a hearing before issuance of a subpoena, we look to the text of the regulation itself, and find no mention of such a hearing. The Court of Appeals erred in holding to the contrary.

The Court of Appeals correctly held that the circuit court erred in its application of 42 CFR 2.64(d). Again, 42 CFR 2.66(c) incorporates the requirements of 42 CFR 2.64(d) and 42 CFR 2.64(e).[1] Under 42 CFR 2.64(d), before issuing an order a court must find that "good cause exists," which in turn requires two findings: "(1) Other ways of obtaining the information are not available or would not be effective; and (2) The public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services." The circuit court made no finding as to whether other ways of obtaining the information in question were available or effective. Petitioner asserted the subpoena was the *most* effective method, but that is not the inquiry 42 CFR 2.64(d)(1) requires. Neither did the circuit court weigh the "public interest and need for the disclosure" against potential injuries to "the patient, the physician-patient relationship and the treatment services" as required by 42 CFR 2.64(d)(2). Petitioner asserts that the circuit court's order incorporated the contents of the petition for the subpoenas, but the order does not explicitly purport to do so. Even assuming such an incorporation would have satisfied 42 CFR 2.64(d), the best practice would clearly be for a circuit court to memorialize this type of analysis in a written order or at least on the record to facilitate appellate review.

---

[1] Although the Court of Appeals correctly noted that 42 CFR 2.64(e) describes procedural safeguards that must take place to protect patient identity, the panel erroneously concluded that all such administrative proceedings be closed and sealed from public scrutiny. The regulatory language states that an order authorizing disclosure must "[i]nclude such other measures as are necessary to limit disclosure for the protection of the patient, the physician-patient relationship and the treatment services; for example, sealing from public scrutiny the record of any proceeding for which disclosure of a patient's record has been ordered." 42 CFR 2.64(e)(3). So courtroom closure and sealing of records are examples of procedural safeguards a court may order, but the regulation does not require these steps be fulfilled in every case so long as all necessary measures are taken to protect a patient, the patient-physician relationship, and treatment services.

We REMAND this case to the Ingham Circuit Court for proceedings not inconsistent with this order. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 11, 2020



a1208

Clerk