*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 21, 2023

Plaintiff-Appellee,

v

No. 360600
Saginaw Circuit Court
LC No. 17-043882-FC

CURTIS LEE RICHARDSON III,

Defendant-Appellant.

Before: GLEICHER, C.J., and JANSEN and RICK, JJ.

JANSEN, J. (*dissenting*).

For the following reasons, I respectfully dissent. Defendant appeals as of right his jury-trial convictions of domestic violence, third offense, MCL 750.81(2); being a felon in possession of a firearm (felon-in-possession), MCL 750.224f; and two counts of possessing a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. Defendant challenges his convictions, arguing, in part, that he was deprived of a fair trial because the prosecutor peremptorily excused all prospective Black jurors and provided no nonpretextual race-neutral reason for doing so. I disagree, and would therefore affirm defendant's convictions and sentences.

During jury voir dire, the prosecution exercised 10 peremptory challenges, and defendant exercised 12. Three of the prosecutor's peremptory challenges were to Black jurors. Defendant timely raised a *Batson*[1] challenge. The prosecutor explained that the first juror, DC, appeared to be dozing off and not paying attention. The trial court confirmed that the juror seemed startled when addressed to tell her that she was excused, and defendant admitted that it was possible that the juror was not paying attention. The prosecutor explained that the second juror, LC, seemed concerned by the number of witnesses either party would present, and the prosecutor also excused another juror who had expressed similar concerns and was not a minority. The trial court reviewed the transcript and agreed with the prosecutor's assessment of those jurors' concerns. Finally, the prosecutor explained that he was concerned by the third juror, SP's, "demeanor" for a variety of

---

[1] *Batson v Kentucky*, 476 US 79; 106 S Ct 1712; 90 L Ed 2d 69 (1986).

reasons, including her inability to recall details about her prior service on a jury 10 years ago. The trial court accepted that the third juror might plausibly have memory problems. The trial court therefore denied defendant's *Batson* challenge.

Analyzing a claim that a party peremptorily challenged a juror on the basis of the juror's race entails a mandatory three-step process under *Batson v Kentucky*, 476 US 79, 96-98; 106 S Ct 1712; 90 L Ed 2d 69 (1986). See *People v Knight*, 473 Mich 324, 335-338; 701 NW2d 715 (2005). The first two steps involve a prima facie showing of discrimination followed by a superficially race-neutral explanation for the challenge. *Knight*, 473 Mich at 336-337. "[I]f the proponent provides a race-neutral explanation as a matter of law, the trial court must then determine whether the race-neutral explanation is a pretext and whether the opponent of the challenge has proved purposeful discrimination." *Id*. at 337-338. Defendant challenges only this third step—whether the race-neutral explanation is pretext. The third step therefore entails a factual determination by the trial court that is reviewed for clear error and is "accorded great deference" due to the extent to which it will inevitably turn on an assessment of credibility. *Id*. at 344-345. Defendant has "the ultimate burden of proving purposeful discrimination." *Id*. at 344. "[A] defendant is not entitled to a jury of a particular racial composition as long as no racial group is systematically and intentionally excluded." *Id*. at 351. Rather, the "goal of *Batson* and its progeny is to promote racial neutrality in the selection of a jury and to avoid the systematic and intentional exclusion of any racial group." *Id*. at 349.

"Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Johnson*, 466 Mich 491, 497-498; 647 NW2d 480 (2002). A trial court's findings premised on a credibility assessment are not insulated from review to the extent objective evidence conflicts with those findings. *Beason v Beason*, 435 Mich 791, 803-804; 460 NW2d 207 (1990). However, this Court will otherwise defer to the trial court's credibility assessments to the extent such assessments are relevant. *People v Ziegler*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355697); slip op at 3.

Defendant argues that the prosecutor's explanation for peremptorily excusing the first juror, DC, was pretextual because the prosecutor did not ask that juror any questions. I would disagree.

Defendant cites *United States v Odeneal*, 517 F3d 406, 420-421 (CA 6, 2008),[2] in which a prosecutor's failure to ask questions of a Black juror before peremptorily excusing that juror supported a finding of discrimination. However, in *Odeneal*, the purported reason for excusing the Black juror was that she had served on a prior jury that returned a verdict of not guilty, and the prosecutor retained a white juror who had served on that same prior jury and had also favored the acquittal. *Id*. at 420. The prosecutor also claimed to have excused the Black juror because she had indicated on a questionnaire that she was going through a divorce, but the questionnaire was a year out of date and the juror did not mention the divorce when the trial court asked the prospective jurors to provide any reasons why they could not serve on the jury. *Id*. at 418. In *Miller-El v Dretke*, 545 US 231, 241-245; 125 S Ct 2317; 162 L Ed 2d 196 (2005), the United

---

[2] "Although lower federal court decisions may be persuasive, they are not binding on state courts." *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).

States Supreme Court opined that the prosecutor should have resolved concerns about a Black juror's beliefs by further questioning the juror before peremptorily excusing the juror, but, in context, the Court drew a parallel between how the prosecutor treated the Black juror and how the prosecutor treated several white jurors who had expressed similar beliefs.

In short, defendant inappropriately seeks to craft a rule by taking holdings out of context. In neither *Miller-El* nor *Odeneal* did either court purport to establish any such rule. Rather, each court concluded that, in the context of the other circumstances, the prosecutors' proffered race-neutral reasons for their peremptory strikes were not credible because questioning could have resolved the prosecutors' concerns. Here, the prosecutor was not concerned about DC's beliefs, but about whether she was actually paying attention. Defendant does not suggest what line of questioning the prosecutor should have pursued to resolve that concern. Defendant admitted that it was possible that DC was not, in fact, paying attention, and the trial court found the prosecutor's race-neutral explanation plausible after observing that DC appeared startled when addressed. Thus, I would conclude that defendant did not demonstrate that the trial court's finding was clearly erroneous.

Next, although not addressed by the majority opinion, defendant argues that the record does not support the prosecutor's proffered race-neutral reason for excusing the second juror, LC. Defendant essentially argues over nuance, missing the point that, as the record plainly shows, LC (and an also-dismissed nonminority juror) was concerned and seemingly confused by the prospect of a party presenting only a single witness, despite the prosecutor's efforts to explain why it was not possible to present more than a single eyewitness. In my opinion, defendant has not demonstrated that the trial court's finding was clearly erroneous.

Lastly, defendant's argument that the prosecutor's race-neutral explanation for peremptorily excusing SP was insufficient is unpersuasive. First, defendant argues that the trial court initially rejected the prosecutor's concern about SP's "demeanor." The record shows that the trial court did not reject the prosecutor's concern, but rather, found it insufficient without further explanation. Defendant points out that the transcript shows the prosecutor to have stated that "[t]here were a number of things that went into the calculation. Race was definitely one of them." However, in context, the transcript is likely inaccurate. Defense counsel did not seize upon this apparent concession at the time. Moreover, almost immediately thereafter, the prosecutor stated that "race did not come into it," and that "having done this for 36 years, I do not systematically exclude anybody from jury service based on their race or their gender or whatever preferences they may or may not have." When asked by the trial court to expound further, the prosecutor stated, in part, that "[i]t had nothing to do with the color of her skin whatsoever and to the extent that I almost resent the accusation." Furthermore, the trial court reviewed the transcript and ultimately agreed with the prosecutor that the SP might plausibly have concerning problems with her memory. Defendant expressly declined the trial court's offered opportunity to rebut its assessment of the facts, thereby waiving any challenge to the trial court's factual findings. See *People v Kowalski*, 489 Mich 488, 504; 803 NW2d 200 (2011). I would therefore conclude that defendant has not demonstrated that the trial court's finding was clearly erroneous.

Having concluded that the trial court did not err by accepting the prosecutor's race-neutral explanations for peremptorily striking the three Black jurors as nonpretextual, I would affirm defendant's convictions and sentences.

/s/ Kathleen Jansen